CASE 9—INDICTMENT—FEBRUARY 11.

## Higgins v. Commonwealth.

APPEAL FROM PULASKI CIRCUIT COURT.

1. AN INDICTMENT FOR A FELONY CREATED BY STATUTE need not allege
   that the acts complained of were done "feloniously," unless the
   statute requires that the acts should be done "feloniously" in or-
   der to constitute the offense.
2. THE OFFENSE OF UNLAWFULLY DETAINING A WOMAN AGAINST HER
   WILL, with intent to have carnal knowledge with her, may be com-
   mitted against an insane woman.

Higgins v. Commonwealth.

In this case the court properly instructed the jury that any act done by defendant toward the alleged victim (an insane woman) other than acts of kindness, courtesy and friendship, were done "against her will."

3. SAME—EVIDENCE.—As the room in which it was claimed the alleged detention occurred was exposed and used at all hours of the day and night, testimony as to its condition on the day following the trouble in question was not competent.

4. UPON AN APPLICATION FOR A CHANGE OF VENUE in a criminal case, the filing by the defendant of the required petition and affidavits makes for him a *prima facie* case, and if no witnesses are introduced by either party he is entitled to a removal of the cause. The court has then no discretion.

W. A. MORROW, J. W. COLYAR FOR APPELLANT.

1. The court erred in refusing a continuance, the testimony of the absent witnesses being material.

2. The petition for a change of venue, with the accompanying affidavits, made for the defendant a *prima facie* case, and the court, in the absence of proof, erred in refusing to grant the application.

3. To constitute the offense charged in this case, it must be alleged and proved that the taking or detention of the woman was against her will. It is not sufficient that the attempt to have carnal knowledge of her was against her will. (Wilder v. Commonwealth, 81 Ky., 591; Krambeil v. Commonwealth, 8 Ky. Law Rep., 605.)

In the instructions given by the court in this case, the intent to have carnal knowledge is made the central point in the case.

4. The statute was not intended to apply to the detention of a lunatic or an idiot.

5. To constitute a good indictment for a felony, the word "feloniously" must be used, whether the offense is a statutory or a common law offense. (Wharton on Criminal Law, vol. 1, sec. 399; Chitty on Criminal Law, sec. 242; Blackstone's Comm., 4th Book, p. 306; Jane v. State, 3 Mo., 61; State v. Murdock, 9 Mo., 739; State v. Williams, 30 Mo., 364; State v. Deffenbacher, 51 Mo., 26; Bowler v. State, 41 Miss., 570; Mott v. State, 29 Ark., 148; People v. Olivera, 7 Cal., 403; Kaelin v. Commonwealth, 8 Ky. Law Rep., 293.)

W. J. HENDRICK FOR APPELLEE.

1. The word "felonious" is necessary to be charged only in an indictment for a *common law* offense where that ingredient enters. (Kaelin v. Commonwealth, 8 Ky. Law Rep , 293; Evans v. Commonwealth, 79 Ky., 415.)

2. The question as to change of venue rested in the sound discretion of the trial judge. (Gen. Stats , chap. 12, art. 4, sec. 2.)

3. The second instruction to which exception is taken follows the common law rule that an insane person can not give consent. (2 Bishop on Crim. Law, secs. 1121, 1123; 1 Bishop on Crim. Law, sec. 261; Rex v. Ryan, 2 Cox C. C., 115; State v. Crow, 10 West, L. J., 501.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was tried, convicted and sentenced to the penitentiary for the term of two years, upon an indictment under section 9, article 4, chapter 29, of the General Statutes, which provides that "whoever shall unlawfully take or detain any woman against her will, with intent * * * to have carnal knowledge with her, * * shall be confined in the penitentiary not less than two nor more than seven years."

On this appeal he urges as ground for reversal, first, the omission of the word "feloniously" in the indictment.

To this it is sufficient to say that the acts mentioned in the statute quoted, when unlawfully done, constitute the whole of the crime denounced therein.

It need not be charged of the accused that he acted maliciously, willfully or feloniously; if he be charged in the language of the statute creating the crime and in the manner required by it, then the charge is complete, and includes all that is required to be established in order to constitute the guilt of the accused. In common law felonies the rule is different. (See Kaelin v. Commonwealth, 84 Ky., 354; Cundiff v. Commonwealth, 86 Ky., 196.)

Secondly, the appellant's counsel contend that the statute has no application in this case, because of the insanity of the victim alleged to have been unlawfully detained; that the crime must be committed against

a woman having a will, capable of exercising it, and "against her will." But the authority relied on happily stops far short of supporting such an inhuman and unreasonable doctrine. The generous principle of the law governing the case was aptly illustrated in the instruction of the lower court, whereby the jury was told that any act done toward the alleged victim by the defendant, other than acts of kindness, courtesy or friendship, were done "against her will."

But the appellant, after due notice, filed his petition for a change of venue, alleging that on account of the prejudice against him and the excited state of public opinion he could not have a fair and impartial trial in Pulaski county. He supported his petition with the affidavits of two credible witnesses, all in strict accordance with the requirements of section 2, article 4, chapter 12, of the General Statutes. No other testimony was introduced or offered by either party. The court overruled the motion, dismissed his petition and application for removal, and of this he complains.

For the Commonwealth it is insisted that since the statutory amendment of April 1, 1880, the question of removal is one of discretion with the court, whereas, theretofore it was absolutely incumbent on it to order the change whenever the defendant complied with the requirements of the statute. The amendment reads: "And the court shall, on said motion, hear all witnesses that may be produced by either party, and from the evidence determine whether or not the applicant is entitled to change of venue."

It is evident that the object of this amendment was

to give the State an opportunity of combating the *prima facie* case presented by the petition of the defendant and the affidavits of his friends. If this opportunity is not embraced, the court has no discretion. While the question was not directly presented, Judge Holt, in delivering the opinion of the court in Wilkerson v. Commonwealth, 88 Ky., 25, says: "Undoubtedly, if an accused, under the law as amended, presents his petition, accompanied by the two or more affidavits, and no witnesses are introduced in court by either party, the change of venue should be granted."

We think that the appellant was clearly entitled, on the state of case presented, to have his petition for removal granted.

. While the same proof may not be offered in the case on its return, it is proper to say that the testimony of Trimble as to the condition of the room on the day following the trouble in question was improper. This room was exposed and used at all hours of the day and night, and its "torn up" condition twenty-four hours after the occurrence proves nothing, but, in view of Clark's testimony, might be misleading and prejudicial.

We perceive no error in the instructions of the court, and think they embrace the law of the case.

For the reasons indicated the judgment below is reversed, and cause remanded with directions to grant the appellant a new trial, and for proceedings consistent with this opinion.