James Crockett v. Commonwealth.

CASE 57—INDICTMENT—JAN. 13.

# James Crockett v. Commonwealth.

APPEAL FROM ADAIR CIRCUIT COURT.

1. CHANGE OF VENUE—DISCRETION.—The trial court has a sound discretion in deciding upon a motion for a change of venue, and this court will not reverse or revise his action upon such motion unless it is satisfied the discretion has been abused.

2. EVIDENCE—ERROR IN ADMITTING, CURED.—An error in admitting incompetent evidence, is cured by an instruction of the court to disregard it.

8. INSTRUCTIONS—DEFENSE OF BROTHER.—The instruction properly conditioned the appellant's right to use whatever force appeared to him to be necessary to prevent or avert the danger or apparent danger, to his brother, on whether the brother brought on the difficulty; and it is immaterial that there had been several previous difficulties between the parties, the instruction properly referring to the last difficulty only, in which the killing occurred.

4. INSTRUCTIONS—MANSLAUGHTER.—An instruction which told the jury if the defendant "in sudden heat and passion, and without previous malice, and not in self-defense, and upon some provocation that was reasonably calculated to excite his passions beyond the power of self-control," shot and killed deceased, he was guilty of manslaughter, was proper.

GARNETT & GARNETT FOR APPELLANT.

1. While the witnesses introduced by the Commonwealth on the motion for a change of venue all state that appellant could get a fair trial in Adair county in their opinions, yet they state facts which show that he could not, and the whole evidence taken together shows that he could not.

2. The appellant should have been granted the continuance on account of the absence of his witness, Evans. The affidavit shows his evidence to be very important, and that he is out of the State, and appellant has had no opportunity to take his deposition.

ᵔ. There was no evidence upon which to base the instruction as to a conspiracy.

The appellant does not claim that what he did was in his own defense, but in defense of his brother John. The instruction on manslaughter should therefore have embodied the idea that the

James Crockett v. Commonwealth.

killing was done in sudden affray and not in the necessary de-
fense of his brother, before he could be found guilty.   (Gills v.
Com., 37 S. W. Rep., 269.)

The language in that instruction "and upon some provocation
which was reasonably calculated to excite his passions beyond
the power of self-control," was calculated to confuse and mislead
the jury.   (Lewis v. Com., 93 Ky., 238.)

5. The evidence does not warrant the qualification of the instruction
on self-defense, that appellant could not rely upon that plea, if
John Crockett sought and brought on the difficulty.   It ignores
altogether the fact that deceased had previously on that day as
often as three or four times sought and attempted to bring on a
difficulty with John Crockett.

6. The admission of the incompetent evidence as to the acts and
statements of Josiah Salms, John Crockett and Charles Helm
was not cured by the instruction to disregard it.   Such evidence
is prejudicial although afterwards excluded.   (Shelby v. Com., 91
Ky., 563.)

W. S. TAYLOR FOR APPELLEE.

1. The conclusion of the trial court on a motion for change of venue
will be sustained by this court, unless there is a palpable abuse of
discretion.   (Howard v. Com., 15 Ky. L. R., 873.)

2. The instructions are as favorable to appellant as he could ask, and
the verdict is amply sustained by the evidence.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT:

The appellant, James Crockett was indicted jointly
with his brother, John Crockett, Charles Helm and Jo-
siah Salms, for the murder of Dan Kidd, it being
charged in the indictment that the defendants con-
spired and confederated together for the purpose of
committing said murder, which was effected by James
and John Crockett shooting and killing Kidd.

It appears from the evidence that the killing occur-
red at a picnic near Pellyton, in Adair county, near the
Casey county line.   There had been some words be-
tween John Crockett and the deceased, and, without

stating the evidence in detail, it may be briefly stated that Kidd was very drunk, and, after some words in regard to Kidd's son, who was at the picnic, called John Crockett a "damn son-of-a-bitch." John Crockett thereupon knocked Kidd down. It appears from the weight of the evidence that when Kidd arose from the ground John Crockett had already drawn his pistol. He was seized by one of the bystanders and pulled backwards.

Upon the question of whether Kidd advanced toward John Crockett there is considerable contradiction in the testimony, the evidence for the Commonwalth stating that he staggered away from his enemy, and that Crockett, breaking away from the man who was holding him, pursued Kidd, following a path on the other side of a log from that on which Kidd had fallen.

On the side of the defense there was evidence to show that Kidd advanced upon Crockett with an open knife in his hand, and that Crockett fired over his head the first time, and afterward fired four shots in rapid succession directly at Kidd. Just about the time that John Crockett fired his last shot James Crockett came up behind Kidd and fired at him twice. The evidence upon the subject of the wounds in Kidd's body indicates that several of them were fired into his back and side. He died almost instantly, and the four defendants, who were jointly indicted, then left the picnic, after a challenge from the Crocketts addressed to the crowd in general or any one who wished to take up the difficulty.

James Crockett v. Commonwealth.

The defendants demanded separate trials, and the Commonwealth elected to try the case of James Crockett first.   A motion was made for a change of venue, and testimony heard on both sides.   It does not appear to us that the trial judge abused his discretion in refusing the change of venue.   "The circuit judge has a sound discretion in deciding such motion, and, of course, better opportunity of properly estimating credibility of witnesses and weight of evidence than this court; and, therefore, while we have authority to revise and reverse his judgment on such motion, it is not nor ought to be done except when we are satisfied that discretion has been abused."   (Howard v. Commonwealth, 15 Ky. Law Rep., 874.)

The appellant was indicted at the September term, 1895.   At the May term, 1896, he applied for a continuance upon the ground of the absence of four witnesses, and on account of the absence of one of his attorneys.   The attorney for the Commonwealth agreed that the affidavit as to three of the witnesses might be read as their depositions; as to the witness, Oscar Evans, as to whom the affidavit was not permitted to be read as a deposition, it was stated that he would state that, a short time before Dan Kidd was killed, Ed Kidd, a son of Dan Kidd, came to the witness, got a pistol, and, during the difficulty between Dan Kidd and the Crocketts, shot at John Crockett.   The lower court, in the exercise of its discretion, ruled that due diligence had not been used to obtain the deposition of Evans, and we are not disposed to disturb his ruling.

It is objected on behalf of appellant that evidence was admitted of conversations between the other defendants and outsiders, at which neither John nor James Crockett was present, but in instruction No. 8 all testimony of that character was excluded from the jury, and they were directed to disregard it. In our opinion the error was cured by this instruction.

It is urged on behalf of appellant that an instruction upon the subject of conspiracy was not justified by the evidence. There was evidence competent to go to the jury conducing to show the existence of a conspiracy. We are of opinion that no error to the prejudice of the substantial rights of appellant was committed in giving this instruction.

The defense mainly relied on was that the shooting by this appellant was done in the defense of his brother John; and upon this the court instructed the jury that if at the time appellant did the shooting charged, aiding and abetting John Crockett in doing said shooting, he, the said James Crockett, believed, and had reasonable grounds to believe, that his co-defendant, John Crockett, was then in immediate danger of losing his life or suffering great bodily harm at the hands of said Kidd, and that the defendant, James Crockett, did said shooting, aiding, abetting or assisting solely to prevent or avert said danger or apparent danger of his said brother, John Crockett, and, in doing so, used no more force than appeared to him at the time to be reasonably necessary for the purpose, they will acquit defendant upon the ground of self-defense, unless they shall

believe from the evidence, beyond a reasonable doubt, that his co-defendant, John Crockett, had sought and brought on the difficulty in which the killing was done by drawing a pistol upon the deceased, and thereby made the danger to himself necessary or excusable on the part of the deceased, and in the event they do so believe from the evidence, beyond a reasonable doubt, that the defendant, James Crockett, can not avail himself of the danger to his brother, so incurred as an excuse for said shooting, aiding, abetting or assisting."

The objection to this instruction is that the qualification should have been omitted which instructed the jury that if John Crockett sought and brought on the difficulty, by drawing a pistol on the deceased, the defendant could not rely upon the plea of self-defense. The ground of this objection is that there had been two or three previous difficulties between John Crockett and the deceased, in which insulting and abusive language had been used to John Crockett, accompanied by threats, and that these facts rendered the qualification unnecessary and improper. We do not think so. The difficulty in which the killing occurred was the one for the consideration of the jury, and, in the conflict of testimony, it was for them to decide who brought on the difficulty.

There remains but one important objection to the instructions, and that is to the instruction upon voluntary manslaughter.

In instruction No. 4 the jury were told that if the defendant, "in a sudden affray, or in sudden heat and

passion and without previous malice and not in self-defense, and upon some provocation which was reasonably calculated to excite his passions beyond the power of self-control, shot and thereby killed said Kidd, or aided, abetted or assisted the said John Crockett in said shooting and killing, they will find the defendant, James Crockett, not guilty, as charged in the indictment, but will find him guilty of voluntary manslaughter, and fix his punishment at confinement in the penitentiary not less than two nor more than twenty-one years."

The objection is to the words "upon some provocation which was reasonably calculated to excite his passions beyond the power of self-control." This instruction is not open to the objection which has been heretofore made by this court to the use of the words "legal provocation" and "considerable provocation." The true test is "whether the law deems the provocation calculated to excite the passions beyond control; if so, it reduces the offense from murder to manslaughter." (Lewis v. Commonwealth, 93 Ky., 242; Bishop's Criminal Law, p. 711.)

In fact in this case the language is very similar to the language suggested in the case of Lewis v. Commonwealth, *supra*, where the court said: "It would have been better to have told them that the provocation must be such as was ordinarily calculated to excite the passions beyond control."

In our opinion the instructions given properly stated

the law, and the verdict was fully sustained by the evidence.

Wherefore, the judgment is affirmed.