CASE 10—INDICTMENT AND CONVICTION FOR MURDER—MAY 29.

## Greer v. Commonwealth.

APPEAL FROM MARSHALL CIRCUIT COURT.

JUDGMENT OF CONVICTION AND DEFENDANT APPEALS.   REVERSED.

CRIMINAL LAW—MOTION FOR CHANGE OF VENUE—SUFFICIENCY OF NOTICE—HOMICIDE—INSTRUCTIONS TO JURY.

Held: 1. If the defendant gives a reasonable notice of his intended application for a change of venue, and tenders the petition and affidavits required by the statute, the refusal to permit the petition and affidavits to be filed is a reversible error.

2. Three days' notice of an intended application for a change of venue was sufficient; but, if not, the fact that a longer notice was not given did not authorize the court to refuse to permit the filing of the petition and affidavits when tendered, as the court could, in its discretion, have granted the Commonwealth time to procure the attendance of witnesses on the motion for a change of venue.

3. In testing instructions, every deduction which the jury might have been authorized to make from the testimony must be assumed as a fact proved.

4. If defendant unlawfully and intentionally killed deceased, but without malice, he was guilty of voluntary manslaughter; and, as there was some evidence tending to show that such was the fact, the court should have given an instruction on that subject.

5. An instruction which merely attempted to state an abstract principle of law should have been omitted.

6. It was error to instruct the jury to find defendant guilty if they believed certain things "from the evidence and circumstances proven in the case," as the word "circumstances" should have been omitted.

REED, GREER, OLIVER & REED and FISHER & ENGLISH, ATTORNEYS FOR APPELLANT.

On the 8th day of the March Term, 1900, of the Marshall circuit court, an indictment was returned against the appellant, James Greer, and his two brothers, John Greer, a boy about sixteen years of age, and Joe Greer, a boy about fourteen years of age, charging them jointly with the offense of murder. The substance of the charge is as follows: "That the defendants did kill and murder John Thomas by compelling him to drink large and unusual quantities of wine and whisky, and by beating, bruising and wounding him, and by burning him with fire, and by dragging him on the ground with a rope or strap tied around his neck, and by leaving him helpless and exposed to the inclemency of a cold winter night so that he then and there immediately died."

On the next day the case was set for trial on the 14th day of the term, on which day, at the instance of defendant the prosecution was continued until the June Term, 1900, and on the 22d day of June the prosecution was called for trial when the attorney for the Commonwealth announced "ready for trial," but the defendants appeared and filed their affidavits and moved the court for a continuance until the next term. whereupon the Commonwealth offered to admit said affidavits as a deposition and the trial was set for the 13th day of the term, three days later. When the prosecution was called for trial on the 13th day, June 25th, the defendants appeared, and in open court offered to file notice executed on the county attorney on June 22, 1900 (the Commonwealth's attorney being absent from the county at the time), and also offered to file the petition of defendants, James, John and Joe Greer, and to enter a motion for a change of venue, and in support of said

motion offered to file the affidavits of Phillip Darnell, T. R. Riley and J. M. Cornett, but the Commonwealtn, by attorney, objected to the filing of said notice, petition and affidavits, and the court sustained said objection, and refused to permit either of said papers to be filed to which proper exceptions were taken. The defendants demanded separate trials, and under the election of the Commonwealth's attorney the appellant, James Greer, was put upon his trial and convicted and his punishment fixed at confinement in the State penitentiary for life.

The evidence in this case shows such a state of facts as will authorize the jury to find the defendant guilty of murder, voluntary manslaughter or involuntary manslaughter, and yet the court refused to instruct the jury except upon the question of murder, and erred in the instructions given, as well as in refusing to instruct on the whole law of the case. The defendant, Jas. Greer, especially, was so drunk during all the time he was in company with deceased and during all the time the alleged injuries were inflicted on deceased as not to be responsible for the acts committed, and certainly in such condition as to be entitled to an instruction allowing the jury to consider whether the acts done by him were the result of malice and premeditation, or whether they were done by one crazed with liquor so as to be incapable of forming an intention or entertaining malice.

Upon the question of change of venue, the action of the court was so palpably wrong in not considering it that we do not feel it to be necessary to discuss it elaborately. A *prima facie* case was clearly made out, but the court would not give it any sort of consideration, or even allow the papers to be filed.

### AUTHORITIES CITED.

Con. of Ky., sec. 11; Ky. Stats., secs. 1109, 1110; Sparks v. Com., 3 Bush, 3; Crystal v. Com., 9 Bush, 669; Smith v. Com., 14 Ky. Law Rep., 261; People v. Com., 88 Ky., 174; Bush v. Com., 78 Ky., 269; Buckner v. Com., 14 Bush, 603; Brown v. Com., 14 Bush, 398; Farris v. Com., 14 Bush, 362; Conner v. Com., 13 Bush, 714; Higgins v. Com., 94 Ky., 54; 14 Ky. Law Rep., 729; Crocket v. Com., 18 Ky. Law Rep., 836; Howard v. Com., 15 Ky. Law Rep., 873; Allen v. Com., 9 Ky. Law Rep., 784; Burks v. Com., 7 Ky. Law Rep., 826; Trimble v. Com., 78 Ky., 176.

JOHN G. LOVETT & BOBT. J. BRECKINRIDGE, ATTORNEY-GENERAL, FOR THE COMMONWEALTH.

The court will notice that the appellant did not offer to file his petition and affidavit for change of venue until after he had

moved for a continuance and filed his affidavit as to what he could prove by the absent witness, and his affidavit had been admitted as the depositions of such witnesses and the court refused to allow it to be filed because it came too late and was evidently made for delay and not in good faith.

The appellant insists that the court erred in not giving the jury an instruction on manslaughter. We think there is no evidence on which to base such an instruction. There was no evidence to show that the killing was the result of passion or a sudden quarrel, and the court properly refused to instruct as to manslaughter. Com. v. O'Brien, 69 Ky., 354.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The grand jury returned an indictment against the appellant, charging that he had wilfully, feloniously, and with malice aforethought, killed John Thomas, by compelling him to drink large and unusual quantities of whisky and wine, by beating and bruising him, by burning him with fire, by dragging him on the ground with a rope or strap tied around his neck, and by leaving him helpless and exposed to the inclemency of the cold winter night, so he did then and there immediately die. The court fixed June 25, 1900, for the trial of the case. After that had been done, the appellant gave notice that he would, on the day the case was set for trial, tender his petition and move the court for a change of venue. This notice was served on June 22d, three days before the day fixed for the trial. Pursuant to notice, he tendered a petition asking for a change of venue, and also the affidavits of Phillip Darnall, T. R. Riley, and J. M. Cornett, residents of Marshall county, not of kin to nor of counsel for defendant, who stated that they were acquainted with the public opinion in Marshall county, and they verily believed the statements in defendant's petition were true. The petition and affidavits contained the statements made essential by the statute, to which we will advert. The court refused

Greer v. Commonwealth.

to allow the notice, petition, or affidavits to be filed, and never passed upon the motion for a change of venue, nor did it give the defendant an opportunity to offer testimony on the question which would have been raised by the filing of the petition and a denial by the Commonwealth that he was entitled to a change of venue. Section 1109, Kentucky Statutes, makes it the duty of the court to order the trial to be had in some other adjacent county, to which there is no valid objection, if it appears that the defendant can not have a fair trial in the county where the prosecution is pending; and if the judge is satisfied that a fair trial can not be had in the adjacent county, he may order the trial to be had in the most convenient county in which a fair trial can be had. By the provisions of section 1110, Kentucky Statutes, the application by the defendant must be made by a petition in writing, verified by him; and he must produce and file the affidavits of at least two credible persons, not of kin to nor of counsel for defendant, stating that they are acquainted with public opinion of the county, and they verily believe the statements of the petition are true. Under this section, reasonable notice in writing of the intended application must be given. It is further provided in that section that the application must be made and determined in open court, during a regular or called term, and the court shall, on the motion, hear all the witnesses that may be produced by either party, and from the evidence determine whether or not the applicant is entitled to a change of venue. If the defendant gives a reasonable notice of his intended application, and tenders the petition and affidavits required by the statute, and there is no countervailing evidence offered, he is entitled to a change of venue. It was held in Higgins v. Com., 94 Ky., 54 (14 R.

729) 21 S. W., 231) that, if the defendant files the requisite affidavits, and no witnesses are introduced by either party, he is entitled to a change of venue; and the court has no discretion in the matter. When the defendant makes the application, and the Commonwealth opposes it, it is the duty of the court to hear all the witnesses that may be produced by either party, and from the evidence determine whether or not the change of venue should be made. When the court is trying a motion for a change of venue in the manner provided by the statute, its judgment will not be interfered with, unless the court is satisfied that discretion of the lower court has been abused. Crockett v. Com., 100 Ky., 382 (18 R., 835), (38 S. W., 674). When the petition and affidavits tendered contain the statements which are required by the statute, the court has no discretion to exercise, but it is its duty to permit them to be filed if a sufficient notice of the intended application has been given. The defendant, as a matter of right, was entitled to have his petition and affidavits filed under the circumstances indicated. The statute does not fix the time. We are of the opinion that the notice given of the intended application by the defendant for a change of venue was sufficient. Within three days the Commonwealth's attorney could have had all the witnesses summoned which were needed on the motion for a change of venue; but if he would indicate, at the time the application was made, that he had not had sufficient time to procure the attendance of witnesses whom he desired on the motion as to a change of venue, the court would exercise a sound discretion in giving time to procure their attendance, and postpone the motion and a trial of the case, if need be. The defendant was entitled to the judgment of the court upon the motion for a change of venue, and, if it abused its discretion, he was entitled

to have the action reviewed by this court. We are of the opinion that the action of the court is a reversible error.

In testing instructions, every deduction which the jury might have been authorized to make from the testimony must be assumed as a proven fact. Farris v. Com., 14 Bush, 362; Bush v. Com., 78 Ky., 268. If the defendant unlawfully and intentionally killed the deceased, but without malice, he was guilty of voluntary manslaughter. The jury might have so found from the facts proven. Therefore we are of the opinion that the court should have given an instruction on voluntary manslaughter, drawn to suit the facts which were proven in the case. We think the first instruction to the jury was unnecessary, as it simply attempted to state an abstract principle of law, and should be omitted on the next trial. In the second instruction the court told the jury that, "If you shall believe from the evidence and circumstances proven in the case," etc. The word "circumstances" should be omitted from the instruction, because the evidence which is permitted to go to a jury may be parol, documentary, and circumstantial, all of which is embraced in the word "evidence," which is ordinarily used in an instruction. To use the word "circumstances" might be misleading to the jury, and therefore it is best to omit it. We do not say whether or not this case should be reversed by reason of the fact that instruction No. 1 was given, or because the word "circumstances" was used in the second instruction. The judgment is reversed for proceedings consistent with this opinion.