## Sullivan v. Commonwealth.

(Decided May 3, 1916.)

### Appeal from Russell Circuit Court.

1. Venue—Change of—Application—Notice—Sufficiency—Kentucky Statutes, Section 1110.—Where a notice of an intended application for a change of venue does not specify the date on which the application will be made, the notice is insufficient and the application will not be considered unless the Commonwealth waives its right to object.

2. Judges—Vacation of Bench—Affidavit—Sufficiency—Refusal to Vacate—Error.—It is not error for the regular judge to refuse to vacate the bench, where the affidavits accompanying the mo-

tion therefor merely state the conclusions of the litigant and do not state the facts which show partiality or hostility on his part.

3.   Jury—Juror Excused—Discretion of Court—Error.—The excusing of a juror before the jury is sworn to try the case and before the defendant has pleaded to the indictment will not be regarded as prejudicial error, since at that stage of the proceeding the matter is one that addresses itself to the sound discretion of the court; and it will be assumed, in the absence of a showing to the contrary, that the juror was excused for a valid and sufficient reason.

4.   Witnesses—Cross-Examination—Recall—Discretion of Court.—It is not an abuse of discretion or prejudicial error for the trial judge to permit the Commonwealth, after the defendant had closed, to recall certain alibi witnesses for the defendant for the purpose of cross-examining them and testing their memories with respect to dates and places other than those connected with the alibi.

5.   Appeal and Error—Instructions—Bill of Exceptions—Objection. —Objections to instructions not before the court will not be considered, since the court has no means of determining whether they are correct or not.

CHARLES MONTGOMERY, THOMAS Z. MORROW and JAMES N. MEADOWS for appellant.

M. M. LOGAN, Attorney General, O. S. HOGAN, Assistant Attorney General, A. A. HUDDLESTON, R. E. LLOYD and LILBURN PHELPS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Scott Sullivan and others were indicted for the crime of confederating and banding themselves together for the purpose of intimidating, alarming and disturbing another person. On a separate trial he was found guilty by the jury and his punishment fixed at confinement in the penitentiary for not less than one year and not more than one year and a day. He appeals.

Briefly stated, the facts are as follows: Erastus Antle held the office of justice of the peace in the county of Russell. Pursuant to affidavits filed under subsection 1, section 2572b, Kentucky Statutes, he issued a search and seizure warrant against one Vernon Bradshaw. The warrant was placed in the hands of a deputy sheriff of Russell county, who went to the home of Bradshaw and there discovered and took from the latter's possession a keg of whiskey, which he delivered to Antle, the justice of the peace, on May 26th, 1915. About two o'clock on the morning of May 29th following, several men,

wearing masks and carrying pistols and shot guns, came
to the home of Antle in a body. When they arrived they
threatened to kill Antle and all others residing in that
locality if the whiskey was not delivered. They broke
the doors of Antle's home and continued to fire their
weapons and curse and threaten Antle until he complied
with their demands and turned over the keg of whiskey.
Antle identified appellant as one of the parties. It fur-
ther appears that the Antles had been informed of the
coming of the party and that Senator Robert Antle, a
brother, and two sons of the justice of the peace, to-
gether with a man by the name of Wright, armed them-
selves and remained on guard for the purpose of defend-
ing the Antle family against the attack. Mr. Wright
and one of the Antle boys stationed themselves near a
road, while Senator Robert Antle and the other boy
took another position. The marauders came down the
road where Mr. Wright and the Antle boy were sta-
tioned and stopped within a few feet of them. Appel-
lant and others were identified by Wright and the Antle
boy as being members of the band. There is also other
evidence tending to connect appellant with the crime.

Appellant's defense was an alibi. He claims that he
stayed at the home of Price Bradshaw on the night in
question. He went there to work for Bradshaw the fol-
lowing day. He reached the Bradshaw home after the
entire family had retired for the night. About twelve
o'clock four men appeared at the home of Bradshaw
and asked for him. Mr. Bradshaw arose and went out
to ascertain what the men came for. They wanted to
know if Vernon Bradshaw had returned. Mr. Bradshaw
directed appellant to go out and see the men and find
out if he could give them the information they desired.
Appellant then joined the men in Bradshaw's barn and
remained with them for something like three hours. Ap-
pellant's story is corroborated by the men who called
at the Bradshaw home, as well as by Price Bradshaw
and his family.

The first ground urged for reversal is the refusal of
the trial court to consider defendant's application for,
and to grant, a change of venue. The statute regulating
changes of venue in criminal cases provides in substance
that the application, if made by the defendant, must be
made by petition in writing, verified by the defendant;
and the applicant must produce and file the affidavits of

at least two other credible persons, not of kin to nor of counsel for the defendant, stating that they are acquainted with the state of public opinion in the county or counties objected to, and that they verily believe the statements of the petition for such change of venue are true; and the attorney for the Commonwealth, or in his absence from the county the county attorney, must have reasonable notice in writing of such application. It further provides that the application must be made and passed on in open court, during a regular or called term, and the court on said motion shall hear all the witnesses produced by either party, and from the evidence determine whether or not the applicant is entitled to a change of venue. Section 1110 of the Kentucky Statutes. In the case under consideration defendant's application for a change of venue was not made by petition filed in open court. It was filed in the clerk's office. The affidavits filed in support thereof did not state that the affiants verily believed the statements of the petition to be true. While it is true that notice of the intended application was served on the county attorney several days before the case was set for trial, the notice did not state that the application would be made on that date, or specify any other date on which the application would be made. It is well settled that if the notice be not given or waived the application will not be considered. Bishop v. Commonwealth, 22 R. 1161, 60 S. W. 190. We also conclude that a notice that does not fix the date of the application is insufficient. Our reason for so holding is that the defendant's petition and affidavits make out a *prima facie* case, and if no witnesses are introduced by either party the trial court has no discretion in the matter, but the defendant is entitled to a change of venue as a matter of right. Higgins v. Commonwealth, 94 Ky. 54, 21 S. W. 231; Greer v. Commonwealth, 111 Ky. 93, 63 S. W. 443. It is essential, therefore, that the Commonwealth, should it desire to contest the application, have an opportunity to procure and have present its witnesses to rebut the statements contained in the petition and affidavits. To this end it should not be required to have its witnesses ready at any time the defendant sees fit to make the application. It should know in advance when the application is to be made and should be required to prepare for a hearing on that occasion only, unless the hearing is postponed by agreement or con-

tinued by the court for some sufficient reason. As the notice in question did not specify the date on which the application would be made, and as the Commonwealth did not waive but insisted on its right to a notice, we conclude that the trial court did not err in refusing either to consider the application or to grant the change of venue.

Another error assigned is the refusal of the trial judge to vacate the bench. We have frequently written that an affidavit made for the purpose of requiring the regular judge to vacate the bench is not sufficient which merely states the conclusions of the litigant. On the contrary, it should state facts which show partiality or hostility on the part of the judge. While the affidavit in this case alleges the belief of the affiant that the trial judge would not give him a fair and impartial trial, the facts alleged as the ground for such belief are wholly insufficient. Though the facts be, as they must be, admitted to be true, it by no means follows as a reasonable inference therefrom that the trial judge would not give the affiant a fair and impartial trial. At most they give rise to mere suspicion or conjecture. Under the circumstances, we therefore conclude that the affidavit was insufficient, and that the trial judge did not err in refusing to vacate the bench. German Insurance Co. v. Landram, 88 Ky. 433, 11 S. W. 367; Sparks v. Colson, 109 Ky. 711, 60 S. W. 540; Boreing, &c. v. Wilson, &c., 128 Ky. 570, 108 S. W. 914.

Complaint is also made of the fact that one of the jurors was excused after the panel had been made up and he had been accepted by both sides. It appears, however, that this action was taken by the court before the jury was sworn to try the case and before the defendant had pleaded to the indictment. Clearly at this stage of the proceeding the excusing of a juror was a matter that addressed itself to the sound discretion of the court. The record does not disclose why the juror was excused. In the absence of a showing to the contrary, we must assume that he was excused for a valid and sufficient reason. Under the circumstances, it can not be said that the trial court abused a sound discretion, or that defendant was prejudiced by the court's ruling in excusing the juror.

The point is also made that the trial court erred in permitting the Commonwealth, after the defendant had

closed, to recall certain of defendant's witnesses for further examination. It appears that these were the witnesses by whom defendant sought to establish his alibi. They were recalled for the purpose of testing their memories as to dates, places, etc., and were interrogated as to other places and dates. Under the circumstances, the re-examination of these witnesses was a matter within the sound discretion of the trial judge, and we cannot say that this discretion was abused, or that the defendant was prejudiced by the action so taken.

Finally, it is insisted that the trial court improperly instructed the jury. No complaint is made of the instructions as certified in the bill of exceptions. The bill states that the instructions contained in the bill were objected to by the defendant, because they were not the instructions given on the trial. Whether this be true or not we have no means of knowing, and, even if it be true, the instructions which it is claimed were given are not before us and we have no means of determining whether they are correct or not.

Finding no error in the record prejudicial to the substantial rights of the defendant, it follows that the judgment should be affirmed, and it is so ordered.