**Richard BRUNNER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 11, 1965.

As Modified on Denial of Rehearing Nov. 5, 1965.

John D. Miller, Owensboro, for appellant.

Robert Matthews, Atty. Gen., David A. Schneider, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Richard Brunner was found guilty on two counts of knowingly receiving stolen property in violation of KRS 433.290. His punishment was fixed at confinement in the penitentiary for three years on each count. He appeals.

Before the first and the second trial of this case, appellant petitioned for a change of venue. In conformity with KRS 452.-220(1), he filed notice in writing with the circuit court clerk of the time when his application in this respect would be made. This notice was directed to be and was served upon the Commonwealth's attorney. Thereafter, on the day fixed by the notice, he filed his verified application, together with two affidavits. See KRS 452.220(2). The affiants in both affidavits stated they were persons "of good character, not kin to, or of counsel for, the defendant." Attached to the application as exhibits, and referred to therein, were 19 news items which had dealt with the commission of the crime. Some of these had done so at some length.

The application recited that the alleged facts upon which appellant's indictment was based, embracing 21 counts, had been given wide-spread publicity through several news media in Daviess County, namely, by commentary over two radio stations and by articles appearing in the Owensboro Messenger & Inquirer, a local newspaper. This publicity, he averred, had tended to create toward him a feeling of bitterness in the minds of the public which was so embedded that it had prejudiced the people of Daviess County against him.

The affiants in the two affidavits stated they were personally "aware of the extreme animosity, bitterness and prejudice prevail-

ing throughout Daviess County" toward appellant and, because of this feeling, they believed he could not receive a fair and impartial trial if his case should be tried in that county. They also said they had read the statements set forth in the application and believed they were true.

It was brought out that Murphy-Miller, Inc., a manufacturer of furniture in Owensboro, whose stolen furniture valued at many thousand dollars appellant was charged with having feloniously received, is an old and established business; and that Mr. Steve Murphy, the president of that company, is a well-known business man in Owensboro and Daviess County.

The Commonwealth filed no counteraffidavits in opposition to the application, nor was any hearing ever had on it; the trial judge merely entered an order denying the application.

A first trial of this case resulted in a hung jury. Thereafter, and before a second trial, upon due notice to the Commonwealth's attorney, an application, similar in all respects to the first, was filed. This was supported by four affidavits, and the averments in each of them were almost identical with those contained in the application.

This latter application, supported by the four affidavits, received the same inattention by the Commonwealth as the first one. The trial court again denied the application without holding a hearing. After the second trial, however, and after appellant had filed his motion and grounds for a new trial, the Commonwealth filed the affidavits of four persons. These documents were aimed at retroactively refuting statements made in appellant's second application and the averments in the four affidavits accompanying it. The Commonwealth's affidavits were similar in context and each affiant therein, after stating he was familiar with the newspaper, radio and television accounts in respect to the offenses of which appellant was charged, said he

believed "it is possible and probable that an unprejudiced, unbiased and unopinionated jury" could be procured to try appellant's case in Daviess County.

■ The Commonwealth argues that, since appellant never at any time indicated he desired to be heard on his application, he cannot now claim he was entitled to have this matter passed upon and determined. We do not agree. The law is abundantly clear that a change of venue should be granted when a defendant complies with the statutory provisions set forth in KRS 452.220, if the Commonwealth fails to controvert the application by counter affidavits or by testimony. See Roberson's New Kentucky Criminal Law and Procedure (2nd Ed.), sec. 162, p. 254, where the rule is unequivocally stated:

"If the defendant complies with the statute by filing his petition, together with requisite affidavits in support of it, he then has made a prima facie case, and if no witnesses are introduced by either party, the trial court has no discretion in the matter, but the defendant is entitled to a change in venue as a matter of right, and the change should be made, and it is reversible error not to make it."

See also Manning v. Commonwealth, Ky., 346 S.W.2d 755; Greer v. Commonwealth, 111 Ky. 93, 63 S.W. 443; Higgins v. Commonwealth, 94 Ky. 54, 21 S.W. 231.

■ We conclude the facts presented in this case were sufficient to justify a change of venue, and the trial court erred prejudicially when it failed to grant appellant's application. The four affidavits of the Commonwealth filed ex post facto could not be considered as countering appellant's application and affidavits. Obviously, it was then too late to determine the question of whether appellant should be tried in Daviess County after he had already been tried there.

Another reason we believe the judgment of conviction should be reversed is because the trial judge committed a prejudicial error in failing to vacate the bench upon appellant's motion that he should do so.

Appellant, pursuant to KRS 23.230(1), filed an affidavit with the circuit court clerk wherein he requested the trial judge, the Honorable Thomas J. Hennessy, to vacate the bench. The substance of this request disclosed that one James S. Bennett, a prosecuting witness, had purchased certain articles of stolen merchandise from appellant for the use of two small corporations, which the presiding judge owned with Bennett and with whom he served as an officer and director thereof.

Based upon the foregoing averments, appellant, on oath, stated that he did not believe Judge Hennessy would preside over his trial in an impartial manner.

The trial judge declined to vacate the bench, giving as his reasons for refusing to do so that James S. Bennett was only one of twenty or more witnesses who would testify against appellant; that the amounts of the purchases by the two corporations were small as compared to the total amount involved; and that he, the presiding judge, had no prejudice against appellant.

When the affidavit is considered, together with the trial judge's response thereto, it is our opinion the latter could not properly preside at the trial of appellant. Upon a return of this case for retrial Judge Hennessy is directed to vacate the bench.

Other errors are urged for a reversal of the judgment of conviction, but we reserve consideration of them.

Wherefore, the judgment is reversed with directions that a new trial be granted.

PALMORE, J., not sitting.