Ray Charles **WHITLER**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 90–SC–281–DG.**

Supreme Court of Kentucky.

June 6, 1991.

Michael M. Losavio, Appellate Public Advocate, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Frankfort, for appellee.

REYNOLDS, Justice.

Appellant, Ray Charles Whitler, appeals from a judgment convicting him of robbery in the first degree, for which he was sentenced to ten years' imprisonment. The sole issue is whether appellant's motion for a change of venue should have been granted.

On the early evening of February 23, 1988, the appellant, disguised as a young woman and in the company of a juvenile female, knocked on the front door of Harry Baize's rural residence located in Ohio County. They gained admittance to Baize's home upon the pretext that they had developed automobile trouble and were given permission to utilize the telephone. After admittance to the dwelling, appellant struck Mr. Baize upon the head with a pistol and the parties proceeded to rob him of his money and appellant searched his house.

Appellant was indicted April 21, 1988, and following arraignment trial was set for December 14, 1988.

Appellant's verified petition for a change of venue was filed May 27, 1988, and stated therein: "The public opinion in Ohio County is that the defendant is guilty of the charges (sic) offenses;" ... "The opinion would affect the objective valuation of the evidence by the jury;" ... "The defendant would thus be deprived of a fair trial." Two form affidavits were filed in support of the petition and subsequently a hearing was held at which the Commonwealth opposed the motion for a change of venue. The order recited that "[t]he Court having heard and considered the arguments of counsel, and being otherwise sufficiently advised, does hereby find that said motion is not well taken and should not be granted." A transcript of the hearing is not a part of the record.

Appellant maintains that the petition and affidavits met the requirements of KRS 452.220 and that his affidavits were uncontradicted as no evidence exists in the record to controvert the petition/affidavits. Mr. Whitler claims that his petition for a change of venue, meeting the statutory requirements and accompanied by affidavits of two credible persons to support the petition, entitles him to a change of venue. He argues that the court lacks discretion in the matter as there were no affidavits or witnesses to controvert the petition and its supporting affidavits. *Miller v. Commonwealth,* 248 Ky. 717, 59 S.W.2d 969 (1933).

■ From this record it is readily ascertained that the form affidavits are more than questionable. It is patent that both affidavits are deficient as they fail to establish a prima facie right to a change of venue. Neither affidavit followed the requirement of the statute to include the statement whereby the affiant verily believed the statements of the petition for the change of venue were true. This requirement is mandatory. *Wade v. Commonwealth,* Ky., 334 S.W.2d 901, cert. denied, 364 U.S. 847, 81 S.Ct. 90, 5 L.Ed.2d 71 (1960).

Following the ruling in *Miller v. Commonwealth, supra,* this Court has broadly addressed the question of whether venue should be changed as being a matter addressing itself to the sound discretion of the trial court. *Payne v. Commonwealth,* Ky., 623 S.W.2d 867 (1981).

*Williams v. Commonwealth,* 287 Ky. 570, 154 S.W.2d 563 (1941), discussed the propriety of a motion for change of venue and wherein it was stated that the venue question:

[H]as been before this and other courts many times, and none of them has ever defined with precision any definite or settled course to be pursued by the court trying it. On the contrary, the most that has been determined is contained in a general statement that a trial court is vested with a sound discretion in determining the question upon the evidence and circumstances of each case, and that unless such discretion has been abused

to the probable detriment of the accused the appellate court will not disturb the order of the trial court in disposing of the motion. But it will be perceived that such indefinite statement of the law— which we hereby approve as correct— erects no permanent or fixed standard to guide the court in passing upon such questions, but relegates their determination, and the course to be pursued, to the facts and circumstances of each case and to the sound judgment of the court as to whether or not such facts and circumstances reveal a situation of bias, prejudice or other adverse circumstances whereby there is considerable probability of the accused being unable to obtain a fair and impartial trial within the venue of the pending indictment. With the law in that condition it is an easy task to find cases decided by both this and other courts wherein the ruling of the trial court was upheld, and others wherein it was set aside, dependent upon the appellate court's conclusion as to whether or not in the particular facts disclosed, a due regard for the constitutional requirement of a fair and impartial trial has been violated ..."

In other jurisdictions, courts have held that the denial of a motion will not support a reversal of the conviction where the record establishes that the defendant received a fair trial and there was no difficulty in obtaining an impartial jury. *Wilder v. People*, 86 Colo. 35, 278 P. 594 (1929); *State v. Herold*, 68 Wash. 654, 123 P. 1076 (1912).

■ The appellant's argument and brief stressed that the trial court abused its discretion by denying a change of venue and refers to the trial record in support of this argument. To put it mildly, appellant's claim is dissipated upon a review of the entire voir dire record. Only thirty-four potential jurors were called from the entire jury panel, from which a jury (including an alternate) was empaneled and sworn to try the case. The court conducted extensive voir dire and excused for cause four persons, which included a Kentucky State Police Officer. Another panelist was excused

because he had known the victim all of his life; a third was excused because of his knowledge of the incident gained through the media; and, the fourth panelist was also excused for cause since he was a close friend of the defendant and his family and could not decide against him. Of the group, two additional parties had obtained prior court approval to be excused. One potential juror had utilized the defense attorney for legal work and another advised that she was sympathetic to young people. None of the remaining panelists had knowledge of the incident. We are satisfied from an examination of the voir dire and the entire record that the jurors who were permitted to remain on the panel were free of prejudice against the defendant and there was no necessity for change of venue. An examination of jurors on their voir dire is considered to be the best test as to whether local prejudices exist.

Section 7 of the Constitution of Kentucky provides that the ancient mode of trial by jury shall be held sacred and Section 11 of the instrument provides that the defendant shall have a speedy public trial by an impartial jury. We conclude that no prejudice has been shown from the totality of the circumstances in this record and the appellant's case was tried before an impartial jury.

The trial judge, in this case, conducted a hearing although the Commonwealth did not file counteraffidavits. This Court has not, in every instance, reversed the decision of the trial court which failed to grant a change of venue in a situation wherein the defendant had filed a written motion accompanied by affidavits, pursuant to KRS 452.220(2), and the Commonwealth failed to file counteraffidavits. *Campbell v. Commonwealth*, Ky., 788 S.W.2d 260 (1990).

Evidencing a lack of exacting preciseness in review for abuse of discretion, the court held in a case where no counter-affidavits were filed, but a hearing was conducted, the affidavits supporting an application for change of venue contained insufficient evidence to sustain the venue motion. *Elswick v. Commonwealth*, Ky.App., 574 S.W.2d 916 (1978).

In addition to the holding of *Miller, supra, Brunner v. Commonwealth*, Ky., 395 S.W.2d 382 (1965), provided that when the Commonwealth did not file counteraffidavits in opposition to a change of venue application and a hearing was not conducted, it was, therefore, reversible error not to grant a venue change as a matter of law.

KRS 452.220(3) provides that "[a]pplications under this section shall be made and determined in open court, and the court shall hear all witnesses produced by either party and determine from the evidence whether the defendant is entitled to a change of venue...." Until this statute is superseded by this Court, under the Court's paramount rule-making authority, it stands as enacted by the General Assembly under the principles of comity elucidated in *Ex Parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682 (1980), and under the statute's clear and unambiguous terms, a hearing in open court is required. *O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153, 158 (1982).

*Miller, supra*, and *Brunner, supra*, are overruled to the extent that they conflict with this opinion.

The decision of the Court of Appeals and the judgment of the Ohio County Circuit Court are affirmed.

STEPHENS, C.J., and SPAIN and WINTERSHEIMER, JJ., concur.

LAMBERT, J., concurs by separate opinion in which SPAIN, J., joins.

LEIBSON, J., dissents by separate opinion in which COMBS, J., joins.

LAMBERT, Justice, concurring.

I concur with the result reached by the majority, but write separately to express the view that we should definitively construe KRS 452.220 and suggest the manner of construction.

Sections (2) and (3) of KRS 452.220 detail the procedure to be observed when a defendant wishes to obtain a change of venue. As a threshold matter, the defendant is required to file a verified petition and support it by the affidavits of

"at least two (2) other credible persons, not kin to or of counsel for the defendant, stating that they are acquainted with the state of public opinion in the county objected to, and that they verily believe the statements of the petition for the change of venue are true."

It is evident that this statute simply prescribes a form for the affiants to state that they believe the defendant's contention that he cannot get a fair trial. It amounts to nothing more than a verification which must be made before the defendant is entitled to go forward.

The substance of the process of adjudication is governed by section (3) of the statute. This section states that the court shall hear all witnesses produced and determine from the evidence whether the defendant shall have a change of venue. As the defendant bears the burden of showing that he cannot get a fair trial in the county in which the offense was committed, a failure to present evidence at the hearing would necessarily result in a decision in favor of the Commonwealth. Said otherwise, the defendant bears the burden of proof and the Commonwealth need not present any evidence until the defendant has made a prima facie case at the hearing in open court.

Once and for all, we should end the confusion about this statute by overruling *Miller v. Commonwealth*, 248 Ky. 717, 59 S.W.2d 969 (1933), and its progeny. We should flatly declare that by filing the petition and affidavits described in section (2), a defendant moving for a change of venue shall have a hearing. We should also hold that the movant for change of venue bears the burden of persuading the court that he cannot receive a fair trial in the venue otherwise required by law.

SPAIN, J., joins in this concurring opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Majority Opinion speaks of § 7 of our Kentucky Constitution guaranteeing the "[t]he ancient mode of trial by jury

shall be held sacred, and the right thereof remain inviolate," and of § 11 of our Kentucky Constitution guaranteeing the criminally accused "trial by an impartial jury." It does little good for us, as a court, to speak these words unless we are committed to the substance and spirit of the principles they embody.

This was a crime of a bizarre nature committed in a relatively small, rural community: a robbery allegedly committed by a man wearing one of his wife's dresses, with the suggestion that he was a transvestite. The sworn Petition for Change of Venue and two supporting affidavits allege, collectively, that public opinion in Ohio County is that the defendant is guilty, and he cannot receive a fair and impartial trial at the hands of a jury in Ohio County at this time. The Majority Opinion suggests that "the form affidavits are more than questionable." But this elevates form over substance. The fact that the affidavits fail to state directly that "the affiant verily believed the statements of the petition for the change of venue were true," is not a valid reason to deem the affidavits defective. After all, they are sworn, and by definition this means the affiant verily believed the statements to be true.

KRS 452.220(2) states that with the petition for change of venue the defendant shall file "the affidavits of at least two (2) other credible persons, not kin to or of counsel for the defendant, stating that they are acquainted with the state of public opinion in the county objected to, and that they verily believe the statements of the petition for the change of venue are true." The sworn petition and affidavits, taken together, are more than sufficient to comply with this statute. It has been the law in this Commonwealth for at least 60 years, that if "no affidavits or witnesses are introduced controverting the statements of the petition and supporting affidavits, the defendant is entitled to a change of venue, and the court has no discretion in the matter." *Miller v. Commonwealth*, 248 Ky. 717, 59 S.W.2d 969, 971 (1933). *Miller* goes on to state that "mere denial in the form of a statement of the commonwealth's attorney is not sufficient for that purpose." *Id.* at 972. This means that the argument of the Commonwealth, unsupported by counter-affidavits or sworn evidence, does *not* give the trial court discretion to overrule the petition for change of venue.

More recently, in *Brunner v. Commonwealth*, Ky., 395 S.W.2d 382, 384 (1965), citing Roberson's *New Kentucky Criminal Law and Procedure* (2nd ed.), the rule is restated "unequivocally" that the defendant's petition with affidavits "made a prima facie case, and if no witnesses are introduced by either party, the trial court has *no discretion in the matter*, but the defendant is entitled to a change in venue as a matter of right, and the change should be made, and it is reversible error not to make it." [Emphasis added.]

Somewhat equivocally, the present Majority Opinion states that *Miller* and *Brunner* "are overruled to the extent that they conflict with this opinion." Since it is not clear whether or not this case is being decided on the principle that affidavits in support of the petition for change of venue were insufficient, or on the basis that the trial court retains discretion to deny the petition regardless of the sufficiency of the affidavits, the extent to which *Miller* and *Brunner* are overruled is not clear.

For my part, I would not overrule them at all. Indeed, I would interpret and apply them in the spirit in which they were intended, which is to protect the rights of the criminally accused to the ancient and sacred guarantees of trial by an *impartial* jury. Certainly, it is much easier to arrange to move cases from one county to another now than it was 60 years ago when *Miller* was decided, or 200 years ago when the right to trial by an "impartial jury" was guaranteed by our first Kentucky Constitution. If anything, there is more reason now, rather than less reason, to demand trial judges move cases from a community where the circumstances of the offense have been widely reported on and discussed. A neutral jury, which is our constitutional guarantee, is one that will decide the case on the evidence presented in open court rather than the knowledge

and opinion that the jurors bring in with them to court.

The Majority Opinion refers to cases from "other jurisdictions" which "have held that the denial of a motion [for change of venue] will not support a reversal of the conviction where the record establishes that the defendant received a fair trial and there was no difficulty in obtaining an impartial jury." This has not been the law in Kentucky, nor should it become so. It is almost impossible to prove, after the fact, that jurors were not fair. To shift to the appellant the burden of proving that he was denied a fair trial by refusing the change of venue is to impose an impossible burden, to turn a fundamental right into an empty phrase. As stated by Chief Justice Hughes in *United States v. Wood*, 299 U.S. 123, 145, 57 S.Ct. 177, 81 L.Ed. 78, 88 (1936), "[i]mpartiality is not a technical conception."

Finally, the Majority Opinion cites *Campbell v. Commonwealth*, Ky., 788 S.W.2d 260 (1990), for the proposition that the Commonwealth's failure to file counter-affidavits is not necessarily fatal. *Campbell* is inapposite. In *Campbell*, the motion for change of venue was not made until three days into the trial, and not ruled on until five days of voir diring jurors under oath regarding their opinions and attitude, and their knowledge of pretrial publicity. In such circumstances the sworn answers of the jurors gave substance to denying the change of venue. This falls far short of providing justification for denying the change of venue in present circumstances, where it was done at a pretrial argument with no witnesses present to contradict the appellant's affidavits.

COMBS, J., joins this dissenting opinion.