CASE 9—INDICTMENT AGAINST J. H. SMITH FOR MURDER ON WHICH HE WAS CONVICTED AND APPEALS—MARCH 10.

# Smith v. Commonwealth

APPEAL FROM LETCHER CIRCUIT COURT—REVERSED.

CRIMINAL LAW—MOTION TO REQUIRE JUDGE TO VACATE BENCH—CHANGE OF VENUE SELECTION OF JURORS—FAILURE OF JUDGE TO KEEP KEY TO WHEEL—HOMICIDE—INSTRUCTIONS TO JURY.

Held:   1. The court did not abuse its discretion in granting the Commonwealth a change of venue on the ground that it could not obtain a fair trial in the county by reason of the almost universal relationship of accused to leading families of the county.

2. The circuit judge did not err in refusing to vacate the bench, where the ground urged was personal hostility to accused, and the facts stated were not such as necessarily or probably indicated such hostility.

3. Where the court sustained the motion of the Commonwealth for a change of venue of a prosecution for murder, the fact that the deceased was reared in the county to which the case was transferred, and was related by blood or marriage to a large number of its citizens, constituted a valid objection to that county, though the court had already sustained a like objection to another county; and, whether or not the court abused its discretion in overruling the objection on the ground that it came too late, yet, as the case must be reversed on the other grounds, the court should, on its return, transfer it to some county to which no such objection exists.

Smith v. Commonwealth.

4. The provision of Kentucky Statutes, section 2245, that the key to the wheel or drum from which the names of the jurors are to be drawn shall be kept by the judge of the court, is mandatory; and it constitutes a valid objection to a jury that the key to the wheel or drum from which the names were drawn had been kept by the clerk, though in a sealed envelope.

5. Under an indictment for murder, it was prejudicial error to instruct the jury that "if upon the whole case you have a reasonable doubt of the defendant having been proven guilty, or if you find him guilty, but have a reasonable doubt from the evidence as to whether he has been proven guilty of murder or manslaughter, then you will find him guilty of manslaughter," as the jury were thereby directed to find accused guilty of manslaughter, though they might have a reasonable doubt as to his guilt of any offense.

6. Constitution, section 11, providing that the defendant in all criminal prosecutions "shall have a speedy, public trial by an impartial jury of the vicinage, but the General Assembly may provide by a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth," authorizes Kentucky Statutes, section 1109, giving the Commonwealth and accused equal rights as to a change of venue.

N. B. HAYS, J. S. HAYS, AND W. F. HALL FOR APPELLANT.

CLIFTON J. PRATT, ATTORNEY-GENERAL AND TINSLEY & FAULKNER FOR COMMONWEALTH.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

Appellant was originally indicted in Harlan county for the murder of S. T. Day. At the first term after the indictment the accused filed his affidavit for the purpose of removing the regular judge from the bench. The court held the affidavit insufficient, and refused, to vacate the bench, which is assigned as error. The Commonwealth applied for a change of venue, upon the ground that, owing to the almost universal relationship of the accused to leading families of the county, it was impossible for the Commonwealth to obtain a fair trial. Upon the evidence introduced on this application, the circuit court, in the exercise

of what we consider a reasonable discretion, announced
that the case would be removed, and requested a list of
counties which would not be objectionable. The defense
declined to furnish such list. The court thereupon an-
nounced that it would transfer the case to Bell county.
The defense asked time to show cause why the case should
not be sent to Bell, which was granted, and, on the showing
made, the court announced that the case would be sent to
Letcher. It may be remarked that one of the objections
to Bell county was that the counsel of accused did not
practice in Bell county, and would not go there to defend
him, except for a larger fee than he was able to pay; and
in his affidavit he says "that said Hall attends court in the
adjoining counties, and, if the venue should be changed to
Leslie or Letcher county, he could have the advice and ser-
vices of said Hall." Thereupon the court ordered the
venue changed to Letcher county. The accused asked
time to show cause against Letcher county. In view of the
statement of the affidavit, which the court evidently re-
garded as a declaration that Letcher was not objection-
able, this request was denied, and the accused was inform-
ed that he could have the benefit of exceptions to the
ruling. In the course of an hour or two, the accused pre-
sented affidavits showing cause against Letcher county,
viz. that the deceased was reared in that county, and re-
lated by blood or marriage to a large number of its citi-
zens, and these affidavits were not allowed to be filed, the
ground of the refusal being that the case had already been
transferred. Subsequently, similar affidavits were filed
in Letcher county, and a motion made to remand the case
to Harlan for trial. The action of the court in transfer-
ring the case to Letcher, and refusing to remand, is also
alleged as error. It is also objected that, in the formation

of the jury in Letcher county, it appeared that the key to the drum or wheel had not been kept by the judge of the court, but had been left in a sealed envelope in charge of the clerk, and that it was error against the objection of defendant, to form the jury from persons whose names were drawn from that wheel. Certain of the instructions are also objected to, and will be considered in due course. No objection to the conduct of the trial was urged in argument, and the court's attention has been called to no valid objection in this behalf.

The affidavit for a change of venue states certain facts, and also certain actions by the circuit judge, upon which is predicated the assertion that the judge would not give accused a fair trial. The propriety or impropriety of the acts alleged does not affect the question whether they support the deduction drawn, and, after careful consideration, we have reached the conclusion that they are not such as raise the presumption of hostility on the part of the judge. No action of the judge is averred which indicates hostility to the accused, nor do we think the course of the trial gave such indication. As said by Judge Pryor in Insurance Co. v. Landram, 88 Ky. 442, [11 S. W. 367, 592:] "While the Legislature has said that if an affidavit is made by the litigant that the judge will not afford him a fair trial he shall not preside, the facts upon which this general averment is made must appear, and they must be such as bring the case within the legislative meaning." The ground urged for the circuit judge to vacate the bench was hostility against the accused. We do not think the facts stated are such as necessarily or probably indicate personal hostility.

The question as to change of venue presents some difficulty. We would not wish unduly to interfere with the

discretion committed to the circuit judge in this matter, but it seems probable that the objections to Letcher county—which were almost identical with those urged to Bell—would have been sustained had they been presented in what the court considered proper time. As, therefore, the case must be reversed upon another ground, the court, on its return, will set aside the order transferring to Letcher county, and make an order transferring to some county not in this respect objectionable.

The objection to the drawing of the jury seems to us to be well taken. The statutory provision that the key to the drum or wheel shall be kept by the judge of the court seems to us to be mandatory. Not that the judge is required, necessarily, to keep it in his pocket, but the whole section seems to be designed to prevent the clerk from having anything to do with its custody. It is true it was left in the custody of the clerk in a sealed envelope. We presume this does not mean an envelop sealed with wax, and an impression made thereon, but in an ordinary adhesive envelope. But, whether this be so or not, it was in the custody of the one official above all others whom the statute appears designed to prevent having anything to do with it. The objection to the jury drawn from the names then in the wheel was made at the proper time, and, we think, should have been sustained.

The objections taken to the self-defense instruction seem to us overtechnical. But the objection to the reasonable doubt instruction, while it is based upon what is evidently a mere clerical error, which probably did not prejudice the accused, may have done so, and undoubtedly is an incorrect statement of the law. It is: "And if, upon the whole case, you have a reasonable doubt of the defendant having been proven guilty, or if you find him guilty, but

have a reasonable doubt from the evidence as to whether he has been proven guilty of murder or manslaughter, then you will find him guilty of manslaughter." The instruction literally directs the jury to find accused guilty of manslaughter if, upon the whole case, they have a reasonable doubt of his guilt of any offense.

Considerable argument was devoted by appellant to the proposition that defendant's constitutional right to a fair and impartial trial by a jury of the county limits the Commonwealth's right to a change of venue to the single instance when it becomes necessary in order to preserve or enforce its authority, as where there should exist such a state of lawlessness or intimidation of the Commonwealth's officers by the citizens of a county as to render it necessary that a change of venue be granted in order to preserve and enforce the authority of the Commonwealth. Com. v. Davidson, 91 Ky. 162, [15 S. W. 53,] is relied upon. That case, however, arose under the old Constitution, which was materially different in its provisions in this behalf. By section 11 of the present Constitution, provision is made that the defendant "shall have a speedy public trial by an impartial jury of the vicinage, but the General Assembly may provide by a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth. . . ." This grouping of the two provisions in one section, by all rules of construction, limits the general application of the first provision by the terms of the second, and we think the statute enacted thereunder, giving the Commonwealth and the defendant equal rights in this regard, is constitutional. For the reasons given, the judgment is reversed, and cause remanded, with directions to award defendant a new trial, and for further proceedings consistent herewith.

Petition for rehearing filed by appellant and overruled.