## Howard v. Commonwealth.

(Decided October 1, 1929.)

A. F. BYRD, J. B. HOWARD and LEEBURN ALLEN for appellant.

J. W. CAMMACK, Attorney General, and G. C. ALLEN for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

The appellant, Grover Howard, has been convicted of the crime of malicious shooting with intent to kill Dave McCarty, in Magoffin county, and sentenced to serve two years in prison.

A short while before the shooting, Howard and McCarty, who was a deputy sheriff, had had a quarrel in the village of Royalton, during which appellant claimed McCarty made a movement as if to draw his pistol. After a little while, appellant went away. The evidence for the commonwealth showed that shortly thereafter, as McCarty was walking along the street, the appellant fired at him with a high-powered rifle and tipped his ear, drawing the blood. Paralleling the street are a railroad and a creek, with houses beyond the creek. Witnesses testified they saw appellant walk between some of these houses, step behind a little tree or bush and deliberately fire at McCarty. McCarty drew his pistol and fired at him. A fusillade between them ensued.

The defendant testified he first went to his father's home and told him of the difficulty, and then to his brother's and got the rifle and started back to the place where the quarrel between McCarty and himself occurred. He met his father, who told him to put away the gun, which he did near his brother's gate, and continued on his way. He testified that he saw his father and McCarty talking, and his father told him to go on back to the house; "there wasn't aiming to be no trouble." On

returning home, he stopped and got the gun, and was in the act of unloading it, with the barrel pointing down the creek, when it was accidentally discharged. Some one shot at him, and on looking around he saw that it was McCarty, and then he returned the fire. Evidence introduced in his behalf tended to show that McCarty was not wounded by the rifle shot, but that he had run behind a house and into a clothesline, which had cut his ear. The question of guilt or innocence was clearly one for the jury.

The commonwealth's attorney filed a petition for a change of venue, in which he alleged only that the defendant was related to the Arnetts and Howards, who "are two of the most extensively related families in Magoffin county, and are likewise very active and influential families, and that on account of such relations he believes it will be impracticable and almost impossible for the commonwealth to obtain a fair and impartial trial of this case."

The defendant first introduced four witnesses, who testified that there were many families in Magoffin county not related to him, and who expressed the opinion, based upon the facts stated, that the commonwealth could secure an impartial jury and a fair trial in Magoffin county. To sustain the allegations of the petition, the commonwealth called only defendant's father, and he merely testified that he and his wife had numerous relations in the county. The court transferred the case, over defendant's objection, to Breathitt county. On the call for trial there defendant moved to remand the case to Magoffin county, but his motion was overruled.

It is an ancient and constitutional right of the defendant to be tried by a jury of the vicinage. But that right is subject to the power of the Legislature to authorize a change in the place of trial. The Legislature has exercised that power by enacting section 1109 et seq., Ky. Stats. Both the commonwealth and the defendant have the right to a change of venue, upon a showing that either cannot secure a fair trial in the county where the offense was committed, and the decision of the trial court upon such question has been and will be upheld, unless it appears there has been an abuse of the discretion vested in it. In Smith v. Commonwealth, 108 Ky. 53, 55 S. W. 718, 719, 21 Ky. Law Rep. 1470, the commonwealth applied for a change of venue because of the "almost universal relationship of the accused to leading families of

710

the county, it was impossible for the commonwealth to obtain a fair trial," and this court held upon the evidence the trial court was justified in granting the change. But it does not appear what evidence was heard in support of the motion.

Neither the petition nor evidence presented in this case, it seems to us, justified the change of venue, and in the exercise of a reasonable, sound discretion the motion should have been overruled. Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176.

Over the objection of the defendant, the commonwealth was permitted to prove that, just before the first shot was fired by the appellant, a Mrs. Ferguson stated to McCarty that he had "better look out." Witnesses differ as to the exact language used by her. While we would not reverse the case on account of this incompetent evidence, because it could not have been prejudicial to a substantial degree, upon another trial the court will sustain objections to it. Exclamations by a bystander or nonparticipant in an affray are not competent. The subject has been fully treated in the recent case of Howard v. Commonwealth, 227 Ky. 142, 12 S. W. (2d) 324.

The judgment is reversed, with directions to set aside the order granting a change of venue.