## Commonwealth v. Caldwell.

(Decided December 5, 1930.)

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellant.

FAULKNER & FAULKNER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Certifying the law.

On March 9, 1927, some one slew Wm. Hurt. French Caldwell was charged by indictment with his murder. He was tried in November, 1927, and the jury failed to agree. The commonwealth appealed under sections 334, 335, 337, etc., of Criminal Code of Practice, for a certifi-cation of the law. See Com. v. Caldwell, 233 Ky. 65, 2 S. W. (2d) 1055. Another mistrial was had in September, 1928, and still another in June, 1930. When the time for this last trial came, the commonwealth petitioned for a change of venue. To this the defendant filed a demurrer and without waiving that filed a response which controverted the petition. The commonwealth called a former county attorney, a former county judge and a former sheriff of Perry county, and their testimony was heard by the court. Caldwell offered no evidence. Without indicating why he did so, the court overruled the petition and the trial proceeded, with the result stated, and again the commonwealth has appealed, and questions the correctness of the action of the court in overruling its petition for change of venue.

Caldwell insists the petition was bad on demurrer because accompanied by no affidavits, but he is wrong about that, as section 1111, Ky. Stats., imposes no such necessity on the commonwealth. All three of the witnesses examined showed they were acquainted with the state of public feeling in Perry county. Two of these witnesses testified the commonwealth could not get a fair trial in the county, and the other one said, "I really don't know whether they could or not."

Ordinarily the granting or refusing of a petition for change of venue is a matter within the sound discretion of the trial court, but the court cannot act arbitrarily or capriciously. See Hill v. Com., 232 Ky. 453, 23 S. W. (2d) 930. This case looks much like the case of Keeling v. Com., 178 Ky. 624, 199 S. W. 789, where the sustaining of the petition for change of venue was approved. Sec-

tion 11 of the Constitution gives the accused the right to a speedy trial by an impartial jury of the vicinage, but that same language was used in a former Constitution, and it, as well as the language of our present Constitution, has been construed by this court, and that holding is that by such a change the accused is not deprived of any constitutional right. See Com. v. Davidson, 91 Ky. 162, 15 S. W. 53, 12 Ky. Law Rep. 767; Smith v. Com., 108 Ky. 53, 55 S. W. 718, 21 Ky. Law Rep. 1470.

The commonwealth had made out a prima facie case for a change, and in the absence of any evidence to the contrary the change should have been made. The law is so certified.