## Commonwealth v. Hargis.

(Decided February 24, 1931.)

J. W. CAMMACK, Attorney General; G. C. ALLEN, GEORGE H. MITCHELL, Assistant Attorney General, and S. M. NICKELL for appellant.

A. F. BYRD and W. A. STANFILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—Certifying the law.

This is an appeal by the commonwealth for the certification of the law. Two indictments and the proceedings thereon are involved. In each case the commonwealth filed a petition asking for a change of venue. This petition was supported by affidavits. A demurrer was sustained to the petition in each instance, and the motion for a change of venue denied. One of the cases proceeded to trial. A jury was impaneled and the case was stated for the commonwealth and for the defendant. The commonwealth then declined to introduce any evidence, and the trial court instructed the jury to render a verdict of acquittal. In the other case the commonwealth proceeded no further after the court overruled the motion for a change of venue. The sole question before us is whether the commonwealth made out a prima facie case requiring the court to sustain the motions. The appellee offered no proof. If the petitions were sufficient, that is, if the grounds stated in the petitions made a prima facie case, as the appellee offered no proof on the point, the court should have sustained the motion. Greer v. Commonwealth, 111 Ky. 93, 63 S. W. 443, 23 Ky. Law Rep. 489; Wilkerson v. Commonwealth, 88 Ky. 29, 9 S. W. 836, 10 Ky. Law Rep. 656; Higgins v. Commonwealth, 94 Ky. 54, 21 S. W. 231, 14 Ky. Law Rep. 729; Heck v. Commonwealth, 163 Ky. 518, 174 S. W. 19; Hutsell v. Commonwealth, 225 Ky. 492, 9 S. W. (2d) 132.

The question is whether the petitions for a change of venue, allowed by section 1109, Ky. Stats., were sufficient. A change of venue is a matter addressed to the sound discretion of the trial court as will be found from an examination of the cases cited above, but when the commonwealth has made out a prima facie case for a change, in the absence of evidence to the contrary, the trial court has no discretion.

As was said in the case of Howard v. Commonwealth, 230 Ky. 707, 20 S. W. (2d) 721, the constitutional right of a defendant to be tried by a jury of the vicinage is ancient, but it is recognized that the right is subject to the power of the Legislature to authorize a change upon a showing that the commonwealth cannot secure a fair trial in the county where the offense was committed. The decision of the trial court will be upheld, so it was said in that case, unless it appears that there has been an abuse of the discretion vested in it. The indictments before us charged appellee with the offense of having been a party to the receiving of deposits by the Hargis Bank & Trust Company when he knew it was insolvent. The petition for a change of venue in each case was substantially the same. It was alleged that for ten years or more appellee had been president of the Hargis Bank & Trust Company, and that during that period of time more than one-half of the people of Breathitt county of adult age did business with him and his bank, and that at the time the bank closed in February, 1930, at least 1,599 persons had money deposited in the bank, and that at least 750 persons of Breathitt county were indebted to the bank, and that the depositors and debtors resided in Breathitt county about equally distributed in all sections of the county. It was alleged that many of the depositors and debtors were insolvent, and that they had been accommodated by the bank, and that they were related practically to all the people of Breathitt county qualified for jury service, and that practically all the people qualified for jury service in the county were interested, one way or the other, in the prosecution and had formed and expressed an opinion as to the guilt, or innocence, of appellee upon the charge, and for that reason it would be practically impossible to obtain a jury in Breathitt county that would be unbiased and that would fairly and impartially try the case, and for these reasons neither the commonwealth nor the defendant could obtain a fair and impartial trial before a jury of Breathitt county.

The question is whether these allegations were sufficient to require a change of venue. The case of Howard v. Commonwealth, supra, held that it was not a ground for a change of venue that the defendant was related to many of the persons eligible for jury service in the county.

In the case of Mathis v. Bank of Taylorsville, 136 Ky. 634, 124 S. W. 876, it was held that a petition for a change of venue supported by affidavits in an action against a bank by a well-known physician in the same county was insufficient to establish undue influence warranting a change of venue, although the petition and affidavits showed that the bank had a large number of depositors and borrowers, many stockholders, and was the leading financial institution of the community and had considerable influence in the county. The evidence in that case was to the effect that the Bank of Taylorsville was the principal financial institution of Spencer county; that the county had about 1,800 voters with an eligible jury list of 1,000 to 1,200; that the bank's depositors numbered about 700 or 800; that a number of people borrowed from the bank, and that they lived in every section of the county; and that the bank had about 30 stockholders. It was there held that the mere showing that a bank had a large number of depositors and borrowers, would not justify the conclusion that a well-known physician of the same county could not secure a fair trial in litigation with the bank.

In the case of L. & N. R. R. Co. v. Nethery, 160 Ky. 369, 169 S. W. 883, it was shown that some of the plaintiffs were officials in the county and others men of prominence and great popularity which extended throughout the county, and that they had a large acquaintance and family connection throughout the county with great power and popularity and great influence. It was there held that the record showed that there was no great difficulty in obtaining a panel to try the case, and that the court did not abuse a sound discretion in refusing to grant a change of venue.

The allegations of the petitions in the case before us must be accepted as true, but, accepting them as true, we do not find enough in them to say that the court committed error in overruling the motions for a change of venue.

What has been said in this opinion and in other opinions, to the effect that a petition for a change of venue makes out a prima facie case, and that the court is without discretion, has no application except where the petition contains allegations which in fact make out a prima facie case. We do not think the petitions were sufficient.

The law is accordingly certified.