## Hall v. Commonwealth.

(Decided Feb. 27, 1934.)

HILL & HOBSON and JOHN W. CAUDILL for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, T. G. Hall, was superintendent of certain mining properties at Ligon in Floyd county. He shot and inflicted a superficial wound on Famer Halbert, for which he has been convicted and sentenced to the penitentiary for two years. The injured man was a deputy sheriff, but, except that he had gone to the place and levied an attachment on property under the appellant's supervision, the fact that he was an officer had little or nothing whatever to do with the affray. The parties had been friendly, and the shooting was the result of one or the other, or perhaps both parties, being drunk. According to the evidence of the commonwealth, the defendant was drunk and the shooting was unjustifiable. According to the defendant's evidence, he was sober and the other man was drunk and he acted in his necessary self-defense. The grounds submitted for reversal are error in overruling the defendant's petition for a change of venue, the admission of incompetent evidence, and improper argument by the commonwealth's attorney.

The defendant seasonably filed his verified petition for a change of venue, supported by the affidavits of three witnesses, which met the requirements of the statutes. Section 1110, Kentucky Statutes. We state the substance of his charges: There was a public sentiment and feeling against the defendant due to the fact that he is a citizen of another state, and because of the business, social, and political standing of the prosecuting witness and his many relatives, and their wide acquaintance and personal following. He was a deputy sheriff and was related by blood and marriage to a majority of the citizens of the county qualified for jury service. The county judge, the circuit clerk, the sheriff, county treasurer, and a former magistrate were closely related to him, and they and the several deputy sheriffs were actively participating in the prosecution and could and would wield undue influence with any jury trying the case. Moreover, there was published in the local newspaper a highly inflammatory article concerning the alleged offense which tended to excite prejudice against the accused. That article is in the record, and the facts of the case, as disclosed on the trial, did not justify much of the publication. It is said in the petition that the defendant was without friends and relatives in the county. It is further charged that he was arrested and put in jail on October 8th and was denied bond until the

following Monday, although the man whom he was charged with shooting was barely wounded. Though he waived examining trial, an order was entered passing his case for that purpose until October 14th, and he was required to execute bond in the sum of $5,000. No such trial was held. A good and sufficient appearance bond was signed on the 22d, but the county judge refused to accept the bond until the sheriff approved it. When the sheriff returned on the 24th, the bond was approved. The bond was excessive, the usual bond for such an offense being from $500 to $1,000. The sheriff or other persons interested in the prosecution instructed the jailer not to permit the defendant's attorney to confer with him while he was in jail, and his counsel was refused the privilege of conferring with a witness upon presentation in the county court at the instance of the sheriff.

The commonwealth did not controvert the charges in this petition by any responsive pleading whatsoever. There were introduced three witnesses, however. One of these witnesses was a justice of the peace who had had some little difficulty with the defendant in his official capacity, and he expressed the opinion that the defendant could get a fair trial if the jurors selected were honest men. Another witness, who lived eight miles from the scene of the shooting, testified that there was no unusual resentment against the defendant "out of the ordinary in a case of this kind," and he believed that a fair jury could be chosen. The third witness stated that he was "supposed to be" a minister of the gospel and had not been around over the county since the shooting, but he thought there were enough people in the county from which to pick out a jury that would give the defendant a fair trial.

This evidence does not contradict the material statements of fact contained in the petition for a change of venue. It presents the feeble opinions of three men that it was possible to obtain a fair jury in the county provided honest men were chosen. Thus, there stands admitted the fact not only that the accused was a stranger in a strange land, but in a land where the most potent officers were actively arrayed against him. Moreover, it was confessed that their effective antagonism had already been manifested by the unfair, if not illegal, treatment which had been accorded the defendant following his arrest.

The first trial resulted in a hung jury. The case was retried a short time thereafter. It is noted that out of two special venires of sixty-eight, about one-half were women and the jury which convicted the defendant was composed of eleven women and one man.

The court has reviewed many cases involving a change of venue and does not often conclude that the trial court abused his discretion in refusing to order a change. We have held that the mere fact that the prosecuting witness or the deceased person, in a murder case, had many relatives in a county, was not sufficient to justify a change of venue. Conn v. Commonwealth, 245 Ky. 583, 53 S. W. (2d) 931; Bryant v. Commonwealth, 202 Ky. 427, 259 S. W. 1038. However, in none of those cases was the prosecuting witness related to so many influential officers of the county and of the court in which he was to be tried, nor was it conceded that they were actively participating in the prosecution and had already demonstrated the effectiveness of their hostility.

In Miller v. Commonwealth, 248 Ky. 717, 59 S. W. (2d) 969, upon the authority of several cases, it was declared that where the defendant files a proper motion for a change of venue, which is duly supported, showing that the state of feeling in a county is such that he cannot obtain a fair trial, and those charges of fact are not controverted, the defendant is entitled to a change of venue and the trial court has no discretion except to sustain his petition for it. See, also, Bradley v. Commonwealth, 204 Ky. 635, 265 S. W. 291; Holmes v. Commonwealth, 218 Ky. 314, 291 S. W. 383; Commonwealth v. Caldwell, 236 Ky. 349, 33 S. W. (2d) 1; Commonwealth v. Hargis, 237 Ky. 591, 36 S. W. (2d) 8.

The conditions disclosed in this record are exceptional. The court is of the opinion that the change of venue should have been granted. Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176.

Other points raised on the appeal are not decided. The judgment is reversed.