## Benge v. Commonwealth.

Dec. 3, 1943.

William Lewis and Son for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

The defendant, Ernest Benge, was convicted of the offense of feloniously burning an unoccupied dwelling house belonging to Dense Philpot and his punishment fixed at confinement in the penitentiary for two years. He assigns four errors in seeking to reverse the judgment: (1) The judge should have vacated the bench; (2) the court should have granted a change of venue; (3) the jury were permitted to separate during the trial; (4) a directed verdict should have been given in his behalf.

In addition to the indictment upon which he was convicted, there were three other indictments in the Clay Circuit Court charging defendant and certain others with the murder of three men. All four indictments were set for trial at the special December 1941 term and on the first day thereof all defendants united in a motion asking Hon. Franklin P. Stivers, Judge of the Clay Circuit Court, to vacate the bench and in support thereof filed their affidavits.

The affidavit of defendant was quite lengthy and we will only attempt to give the substance of its material parts. It recites that defendant had been held under bond to answer any indictments which might be returned against him at the September 1939 term charging him with the murder of Stanley Young and Woodrow Feltner; that he was not indicted and his bond was discharged. He then appeared before the grand jury as a witness against Steve Greer, which resulted in indictments charging Steve with the murder of Young and Feltner. On the first Monday in January, 1940, Hon. Franklin P. Stivers and Hon. Willie Rice became the respective Judge and Commonwealth Attorney of the Clay Circuit Court, the former being a "blood cousin of recognizable degree" and the latter a brother-in-law of Steve Greer; that at the January 1940 term of the Clay Circuit Court Steve's brother, Monroe Greer, appeared before the grand jury with the result that three indictments were returned against defendant and others charging them with the murder of Young, Feltner and Ben Philpot. At the September 1941 term T. T. Burchell, a brother-in-law of Judge Stivers and the attorney representing Steve, filed motions to quash the indictments against Steve which were sustained, and the matters were ordered re-referred to the grand jury for that

term; that Burchell and the Commonwealth Attorney knew defendant was then out of the State and could not appear before the grand jury as a witness against Steve and the matters were never re-referred to any other grand jury. Defendant was extradited and upon being brought into court Judge Stivers without motion being made by the Commonwealth Attorney ordered him held without bond. Hon. A. T. W. Manning, a former Judge of the Clay Circuit Court and a brother-in-law of Judge Stivers, was employed to assist in the prosecution of defendant. That on account of all these facts and circumstances Judge Stivers could not and would not give defendant a fair trial. The affidavit of the other defendants adopted the allegations contained in the affidavit of Ernest Benge.

Under our practice the truthfulness of the facts stated in an affidavit filed in support of a motion to vacate cannot be questioned by the judge, but it must contain facts from which "it may be readily determined that the judge sought to be removed is so prejudiced against the litigant as to make it reasonably apparent that he cannot with his human nature give the affiant a fair and impartial trial." Lester v. Com., 250 Ky. 227, 62 S. W. (2d) 469, 471; Givens v. Lord Crawshaw, 21 Ky. Law Rep. 1618, 55 S. W. 905; Chreste v. Com., 178 Ky. 311, 198 S. W. 929; Neace v. Com., 243 Ky. 149, 47 S. W. (2d) 995. All that the defendant's affidavit shows is the judge is a cousin of the principal prosecuting witnesses against defendant, and ordered him held without bond upon being returned as a fugitive from justice. But a subsequent order shows that the judge fixed a reasonable bond which defendant executed and was released.

Tested by the above rule, the affidavit contained no fact showing prejudice by Judge Stivers against defendant and he correctly overruled the motion to require him to vacate the bench. This case is not parallel with Com., etc., v. Howard, Judge, 267 Ky. 287, 102 S. W. (2d) 18, where the affidavit averred that Judge Howard was a cousin of the defendant. And for the purpose of this motion it is immaterial that the Commonwealth Attorney was a brother-in-law of the Greer boys, or that the attorney defending them, as well as the one assisting in the prosecution of the defendant, were each brothers-in-law of Judge Stivers.

After due notice all defendants on December 4, 1941, filed their verified petition for a change of venue in conformity with KRS 452.220. The petition incorporated the averments contained in the affidavit for a change in venue concerning the relationship of the circuit judge and the commonwealth attorney to Steve Greer, and that Steve's attorney, Hon. T. T. Burchell (then county attorney elect), and the Hon. A. T. W. Manning, employed to assist in the prosecution, were each brothers-in-law of the circuit judge; also as to what transpired concerning the quashing of the indictments against Steve and returning indictments against defendant. The petition and supporting affidavits named some twelve families who have been engaged in a violent feud in Clay County during the preceding seven or eight years in which more than fifty persons have been killed and more than twenty dwelling houses and more than twenty-five barns have been burned feloniously and a number of inhabited dwellings shot into. Among the families engaged in this feud are the Philpots, the Greers and the Benges. Ernest had two brothers killed in the feud and Alex Hampton while in the home of Ernest's father, Bill Benge, was shot and killed "from the bushes," and Bill had four barns maliciously burned. Ernest, Earl and Chester Benge, together with two of the Cupps then stood indicted for the murder of Bill Philpot, a son of Dense. Judge Stivers had noticed "certain parties" coming into the courtroom armed and he posted a deputy sheriff at the door to search everyone entering the room; that due to the feud, jurors would be intimidated and witnesses would be afraid to testify or even appear in court. That due to the conditions existing defendants could not receive a fair and impartial trial.

Hon. Sylvester Little made an affidavit to the effect that in 1938 he and Hon. W. E. Begley were the respective Commonwealth Attorney and Judge of the Twenty-seventh Judicial District which included Clay County. At that time Ernest Benge stood indicted for feloniously burning an unoccupied dwelling belonging to Dense Philpot (the record does not disclose whether or not it is the same dwelling Ernest is charged in the instant indictment with burning), and that on September 26, 1938, he agreed with defendant's counsel to a change of venue which met with the approval of Judge Begley. That during the noon recess of court on that day he was accosted by Dense and several of the latter's friends and kinsmen

and was abused and threatened on account of agreeing to a change of venue, as was Judge Begley, and the latter was so intimidated that he refused to enter the order granting the change of venue which had been agreed upon. The affidavit further stated it was Little's opinion that due to the general state of lawlessness existing in Clay County neither the defendant nor the Commonwealth could secure a fair and impartial trial.

The Commonwealth's response controverted the allegations of the petition for a change of venue and filed therewith the affidavit of Dense Philpot denying the incident referred to in the affidavit of Little.

On a hearing of the petition the Commonwealth introduced the circuit court clerk, the county court clerk, the sheriff and two of his deputies, all of whom testified that in their opinion defendant could and would receive a fair and impartial trial in Clay County.

The rule is that a defendant seeking a change of venue has the burden of proving the grounds upon which he relies and where there is evidence heard both in support and in resistance of the motion or petition, the granting or refusing of a change of venue is within the broad discretion of the trial court and great weight is given to his decision since he is on the ground and presumed to know the situation, and it is only when that discretion is abused that this court will order a reversal. Miller v. Com., 248 Ky. 717, 59 S. W. (2d) 969; Hannah v. Com., 242 Ky. 220, 46 S. W. (2d) 121, and the many authorities cited in those cases.

But in Bradley v. Com., 204 Ky. 635, 265 S. W. 291, it was pointed out that the facts and circumstances in each case must determine whether such a situation exists as will probably prevent the accused from obtaining a fair and impartial trial within the venue from which removal is sought. As will later appear, defendant was convicted upon the testimony of Steve Greer and his brother, Monroe Greer, and both were related to the trial judge and both were brothers-in-law of the commonwealth attorney, Hon. T. T. Burchell, who represented Steve when the indictments against him were quashed and when the indictments were returned against defendant charging him with the crimes for which Steve had been indicted, was a brother-in-law of the trial judge, as was Hon. A. T. W. Manning, the attorney employed

to prosecute defendant. It is significant that the five witnesses who testified that defendant could obtain a fair trial in Clay County were the circuit court clerk, the county court clerk, the sheriff and his two deputies. As was written in the recent opinion in Williams v. Com., 287 Ky. 570, 154 S. W. (2d) 563, 136 A. L. R. 1398, the circuit judge is a man of great influence locally and "county officialdom align themselves in such circumstances with the circuit court judge for various considerations that could be mentioned, and which, altogether, creates a condition difficult to overcome before a jury."

It would be hard to find a situation where an accused could be met with such a solid phalanx of officialdom as that which confronted defendant. The circuit judge was a cousin of the two witnesses whose testimony convicted him. The commonwealth attorney was a brother-in-law of these same two witnesses; their attorney, who was county attorney elect, as well as the attorney assisting in the prosecution, was a brother-in-law of the trial judge. The only proof offered by the Commonwealth that the accused could obtain a fair trial in Clay County was given by officials of that county. The situation is not unlike that to which attention was called in Hall v. Com., 253 Ky. 148, 69 S. W. (2d) 3.

In addition to this and to the violent feud raging in Clay County, there is the affidavit of Sylvester Little, the predecessor in office of the present commonwealth attorney, stating that when he agreed to a change of venue of an indictment which charged defendant with burning a house of Dense Philpot (the owner of the property which the instant indictment charges defendant with burning), Dense and his associates so intimidated the former circuit judge as to prevent him from entering the order. If Dense could so intimidate a trial judge as to prevent him from entering an order which the commonwealth attorney and the attorney representing defendant in that prosecution had agreed upon, it takes but little imagination to reach the conclusion as to what influence Dense and his followers could bring to bear on the jury trying defendant for burning his house, especially when that defendant was under indictment for killing a son of Dense.

Although we have said above that the affidavit to require the judge to vacate the bench did not state facts

sufficient to show the judge would not grant defendant a fair trial, this does not militate against defendant's petition for a change of venue. It is obvious that facts may exist which do not require the judge to vacate but which require a change of venue, and such facts now confront us. This record shows most unusual conditions and circumstances, so much so that we are of the opinion that the trial judge abused the broad discretion vested in him when he refused a change of venue, and we feel compelled to reverse the judgment for this reason.

We cannot regard seriously defendant's contention that the judgment should be reversed because during the trial the court permitted a juror to separate from that body and under guard to visit his sick father. Section 244 of the Criminal Code of Practice provides that in all cases, except where a capital offense is being tried, the court in its discretion may allow the jury to separate until the case is finally submitted. In Chaney v. Com., 149 Ky. 464, 149 S. W. 923, this court refused to sustain a contention similar to the one defendant here makes. However, this question will not likely arise on another trial.

Nor are we impressed with the argument that a verdict should have been directed in favor of defendant. The evidence was highly conflicting but if the jury chose to believe the witnesses of the Commonwealth, it was ample to take the case to the jury and to sustain the conviction. Steve Greer testified that defendant said to him on the night of the fire that he was going to burn this house, and his brother, Monroe Greer, testified that later the same night defendant told him (Monroe) that he had burned it. Defendant denied such conversations, and proved an alibi by many witnesses. Had the jury accepted his evidence as true, it would have acquitted him. The jury is the sole judge of the facts on conflicting evidence and as we have so many times said, we will not disturb a verdict where there is ample evidence to support it. Barton v. Com., 257 Ky. 23, 77 S. W. (2d) 397; Allen v. Com., 278 Ky. 396, 128 S. W. (2d) 719; Sizemore v. Com., 279 Ky. 190, 130 S. W. (2d) 31.

The only error we find in the record prejudicial to the substantial rights of the defendant is that the court refused to grant him a change of venue, and for this error the judgment is reversed.