# McKinney et al. v. Fox.

February 18, 1949.

J. R. Llewellyn for appellants.

Lewis & Weaver for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is an action to quiet title to a two acre strip of land in Jackson County. The parties trace their title back to a common grantor. The determination of the true boundary between the land of appellants and appellee is dependent upon the location of certain corners originally marked by trees which have long since disappeared.

Appellants' first ground for reversal is that the Chancellor improperly denied their motion to have him vacate the Bench. This motion was based solely on the fact that appellee's counsel was a firm composed of the Chancellor's father and nephew. It is recognized the relationship of the Judge to *a party litigant* may be sufficient to require his vacation of the Bench. Bradley v. Commonwealth, 218 Ky. 675, 291 S.W. 1047. However, we are of the opinion that the mere relationship between an *attorney* and the judge, without more, is not sufficient to create a probability of prejudice or to deny litigants represented by other counsel a fair trial. See 30 Am. Jur., Judges, Section 73; Benge v. Commonwealth, 296 Ky. 82, 176 S.W.2d 131.

The dispute in this case turns principally on the location of a "dogwood and spruce pine" on the bank of Cavanaugh Creek. In 1891 the father of George and James Fox divided a tract of land owned by him and made a deed to each of his sons. The descriptions in the deeds have a common line dividing the north half from the south half. Appellants claim the line runs northwest from a point seven poles west of the intersection of Low Gap Branch and Cavanaugh Creek to a pine corner. Appellee (who owns the northern tract) claims the line starts at aproximately the intersection of Low Gap Branch and Cavanaugh Creek and runs northeast to a pine corner. The land in dispute is a triangular wedge.

Appellants' witnesses testified the trees referred to were located 25 to 35 yards east of Low Gap Branch on the bank of Cavanaugh Creek. Appellee's witnesses testified this marker was located at the intersection of the two streams. One of appellee's witnesses was the wife of a former owner of appellants' tract, and she testified she and her husband had lived on the land but had never claimed this strip in controversy.

There was a very definite conflict of credible testimony. If appellants own the strip in controversy, it constitutes a peculiar triangular wedge of land reaching northward. The reason why such strip should be part of the southern half of the land is not explained. The number of witnesses for each party is not controlling.

We think it significant the northern boundary line of appellee's property is described in the original deed as "passing the Low Gap to the point below said gap to a pine." Appellants' theory of the proper location of the disputed corner would require the line to re-cross Low Gap Branch, to which the deed makes no reference. On the basis of all the evidence introduced, we are of the opinion the Chancellor was amply justified in fixing the boundary as contended for by appellee.

For the reasons stated, the judgment is affirmed.