## COMMONWEALTH v. AVERITT.

Court of Appeals of Kentucky.
Aug. 27, 1951.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Henry G. Boldrick, Lebanon, Ernest Fulton, Bardstown, R. H. Cannon, Leitchfield, for appellant.

Robert M. Spragens, Lebanon, Joseph Polin, Springfield, for appellee.

CLAY, Commissioner.

This is an appeal by the Commonwealth from an order of the Circuit Court overruling its motions for a change of venue and to summon a jury from an adjoining county in a homicide case. A former trial was held in Marion County (wherein the crime was allegedly committed) resulting in a hung jury.

In support of its motions, the Commonwealth filed several affidavits. The Commonwealth's attorney stated that in his opinion the state could not have a fair trial with a jury from Marion County for these reasons: a great deal of publicity had been given to the case; a large crowd of people attended the examining trial and the former jury trial; it was necessary to examine 113 prospective jurors to obtain 12 at the first trial; and

the defendant's family has widespread influence in the county.

The County attorney stated: a great number of people had attended the examining trial and the first trial; there was difficulty obtaining jurors because they had knowledge of the case or had formed an opinion; and because of the wide personal acquaintance of the defendant's family and the publicity, it would be impossible to obtain a jury from Marion County. The affidavits of others were to the same effect; and the defendant filed affidavits supporting the opposite conclusion.

 The granting or refusing of a change of venue is within the broad discretion of the trial court, and great weight is given to his judgment on this matter. Only where he abuses his discretion will this Court intervene. Benge v. Commonwealth, 296 Ky. 82, 176 S.W.2d 131. We do not believe the matters set forth in the affidavits offered for the Commonwealth present an unusual situation or one which necessarily would call for a change of venue. While it is apparent that some difficulty has been and will be experienced in obtaining a jury from Marion County, the trial Court in his memorandum opinion set forth satisfactory reasons why the trial should not be transferred to another county. We find no abuse of discretion on this issue.

 While the trial Court overruled the Commonwealth's motion for an order requiring a jury to be summoned from another county, he reserved this question for further consideration, and we think he properly did so. This matter has not been finally determined, and since Section 194 of the Criminal Code authorizes him to summon a jury from an adjoining county if it appears practicable for the purpose of obtaining impartial jurors, we think his interlocutory ruling on this motion did not constitute error.

Finding no abuse of discretion, in our opinion the action of the trial Court in overruling the motions was proper, and the law is so certified.