**Silas MANNING, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1960.

As Modified on Denial of Rehearing

June 23, 1961.

J. Thomas Soyars, William F. Edmunds, Hopkinsville, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Silas Manning appeals in forma pauperis from a death sentence received for the murder of H. M. Denton in Christian County. It is insisted that the trial court erred in refusing to grant appellant's motion for a change of venue. By reason thereof, it is urged that he was denied a fair and impartial trial in violation of his constitutional rights. United States Constitution Amendment VI; Kentucky Constitution Section 11. A refusal to grant a change of venue when local sentiment against a defendant makes a fair trial impossible is in violation of these provisions. Bradley v. Commonwealth, 204 Ky. 635, 265 S.W. 291; Estes v. Commonwealth, 229 Ky. 617, 17 S.W.2d 757.

H. M. Denton and his wife were killed on July 20, 1958. Appellant and Willie Barker were arrested and charged with the offenses.

Appellant was tried for the murder of H. M. Denton during the October 1958 term of the Christian Circuit Court. His counsel were appointed by the court. A mistrial resulted when the jury announced itself unable to agree on a verdict. The case was retried during the February 1959 term, resulting in a verdict of guilty and a death sentence. This judgment was reversed and a new trial ordered. Manning v. Commonwealth, Ky., 328 S.W.2d 421.

The case was retried during the February 1960 term of the Christian Circuit Court. A written application for a change of venue was made on behalf of the appellant. KRS 452.210, 452.220. It was verified by one of the counsel for appellant. The affidavit recited that appellant was " * * * absent from the county in that he is in the state penitentiary at Eddyville, Lyon County, Kentucky." Eddyville is forty miles from Hopkinsville, where the Christian Circuit Court sits.

In summary, the motion for a change of venue was supported by: (1) Three affidavits of witnesses of Christian County, whose standing was not questioned, in which each witness expressed the opinion that the accused could not receive a fair trial in Christian County because of the state of public opinion; (2) the affidavits of appellant's counsel in which it was stated that they were unable to obtain further affidavits under KRS 452.220 because of the great local prejudice against the accused; (3) proof of the wide circulation of newspaper articles concerning the conduct of the prosecution and the details of the offenses; and (4) proof that sixty-four out of one hundred prospective jurors called were excused because they had formed or expressed an opinion as to the guilt or innocence of the accused.

The record is not clear but it indicates that the accused was moved to the state penitentiary under KRS 441.050, which provides in part:

"If there exists threatened violence or intense feeling and public indigna-tion against a person charged with a crime and in the custody of an officer, and the circuit judge of the county that has jurisdiction of the offense charged is of the opinion that the person cannot be safely kept in the jail in that county, the circuit judge, with the consent of the Governor, may order such person removed for safekeeping to [the state reformatory or] the state penitentiary [whichever is] most convenient to the county having jurisdiction of the offense charged."

In opposition to the motion, the joint affidavit of the Commonwealth's attorney and county attorney was filed which did not controvert or deny the allegations made in the motion except to question the accuracy and propriety of the affidavits of the defense counsel. The motion received unfavorable consideration twice: once before the jury was to be selected, and again after it had been selected but before it was sworn. The inconsistency in the denial of the change of venue is hard to understand in view of the requirements to be met under KRS 441.050 before a person charged with a crime may be removed to the state penitentiary for safekeeping. The statute requires a finding that " * * * there exists threatened violence or intense feeling and public indignation against * * * " an accused before the circuit judge may order his removal for safekeeping.

▇▇▇ Appellant contends, and counsel for the appellee concedes, that generally the burden is upon the defendant in a motion for change of venue made by him to make a prima facie case entitling him to the relief sought, which is a matter in the discretion of the trial judge, except where the proof presented by the defendant is adequate under KRS 452.220 and is uncontradicted at the hearing by proof on behalf of the Commonwealth, the trial judge has no discretion in the matter but must grant the defendant's motion. Higgins v. Commonwealth, 94 Ky. 54, 21 S.W. 231, 14 Ky.Law Rep. 729; Greer v. Commonwealth, 111 Ky.

93, 63 S.W. 443, 23 Ky.Law Rep. 489; Sullivan v. Commonwealth, 169 Ky. 797, 185 S.W. 134; Hill v. Commonwealth, 232 Ky. 453, 23 S.W.2d 930; Neace v. Commonwealth, 233 Ky. 545, 26 S.W.2d 489; Commonwealth v. Caldwell, 236 Ky. 349, 33 S.W.2d 1; Johnson v. Commonwealth, 268 Ky. 555, 105 S.W.2d 641; and Benge v. Commonwealth, 296 Ky. 82, 176 S.W.2d 131. There is no issue of fact that addresses itself to the trial court's discretion. The exception is a sound rule.

Appellee attacks the sufficiency of the motion for a failure to comply with KRS 452.220, in that the defendant did not verify the motion personally and the three witnesses in the supporting affidavits did not state that they verily believed to be true the statements of the motion for a change of venue.

The pertinent part of KRS 452.220(2) is:

"If the application is made by the defendant, it shall be made by petition in writing, verified by the defendant, and by the filing of the affidavits of at least two other credible persons, not kin to or of counsel for the defendant, stating that they are acquainted with the state of public opinion in the county objected to, and that they verily believe the statements of the petition for the change of venue are true."

KRS 452.210 et seq., deal with change of venue in order to secure a fair trial. Appellee contends that the language of the statute quoted above requires a written petition verified by the defendant personally instead of a written motion verified by the defendant's counsel in the absence of the defendant from the county. Taylor v. Commonwealth, 240 Ky. 450, 42 S.W.2d 689, is cited in support of this contention. In the Taylor case, there is language in the nature of dictum to sustain such argument. The case, however, was reversed for admission of improper evidence. The authority for the dictum in the Taylor case is Graham v. Commonwealth, 164 Ky. 317, 175 S.W. 981, wherein it was held that the failure to file supporting affidavits was fatal; thus, it is seen that the Graham case did not decide the exact question discussed in the Taylor case dictum or presented here.

■ The question arises whether or not an attorney in the absence of the defendant from the county may verify the petition. The authority of an attorney or agent to make an affidavit for a party in the absence of the party from the county has long been recognized. Pool v. Webster, 3 Metc. 278, 60 Ky. 278; Anderson v. Sutton, 2 Duv. 480, 63 Ky. 480. This authority is based on an early Code provision and is now preserved in CR 43.13. See Johnson, Harlan, and Loughborough's Kentucky Code of Practice, Section 512 (1853); Carroll's Kentucky Code of Practice, Section 550 (1888); and Carroll's Kentucky Civil Code, Section 550(1) (5).

■ The objection made is a technical one without substance or merit. No case has been cited wherein the precise question has been decided. No cogent reason is advanced and none is perceived why appellant in confinement, instead of his counsel who may be better and more aware of the state of public opinion, should be compelled to verify the petition. The soundness of our conclusion is apparent when applied to the situation in this case where the defendant was confined forty miles from his court appointed counsel who sought to protect his constitutional rights by contributing their skill and efforts without financial compensation.

■ The same may be said of the objection that the motion made is insufficient because it is not denominated a petition. The motion made in this case alleged the appropriate and necessary grounds upon which to base a change of venue and is sufficient in content by whatever name it may be called.

■ There is no merit in the objection to the supporting affidavits of the three wit--

nesses. It is true that these affidavits did not contain a statement that the affiant verily believed the statements in the petition to be true, but each affiant did make the following statement: " * * * that he is acquainted with the state of public opinion in Christian County, Kentucky * *" concerning appellant's case, " * * * and that he believes that the defendant cannot have a fair trial in the county where the prosecution is pending, to-wit, Christian County, because of same." The latter is the stated basis of the motion for change of venue. The affidavits of the three citizens substantially comply with the requirements of the statute and are sufficient.

The use of newspaper articles in support of the motion for a change of venue is questioned although it is very doubtful if any objection was preserved in the lower court. At any rate, the objection was meritless since the newspaper articles were competent evidence although the accused must still meet the requirements of the statute for a change of venue. The newspaper articles may be used to supplement the proof to sustain the motion but there must be evidence other than, and independent of, the articles showing the condition of public sentiment in the county to justify a change of venue. Carsons v. Commonwealth, 243 Ky. 1, 47 S.W.2d 997; Payne v. Commonwealth, 255 Ky. 533, 75 S.W.2d 14.

The motion and proof were sufficient to justify a change of venue and the trial court erred in failing to sustain the motion. For further discussion of change of venue and right to trial by impartial jurors, see Irvin v. Dowd, Warden, 81 S.Ct. 1639.

Judgment reversed with direction to grant a new trial.

STEWART, J., dissenting.