Cecil K. NICKELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1963.

John Y. Brown, Sr., John Y. Brown, Jr., Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James G. Osborne, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Cecil K. Nickell, was tried in the Perry Circuit Court on the charge of armed robbery. He was found guilty and sentenced to life imprisonment. On his appeal he complains of the fact that he was not granted a change of venue.

Prior to appellant's trial a hearing was held pursuant to his petition for a change of venue. His attorneys stated that they had been unsuccessful in their attempt to obtain affidavits to the effect that he would not receive a fair and unbiased trial in Perry County. Sworn statements of the attorneys indicate that they spent at least a month attempting to find persons to sign the affidavits, and that individuals contacted generally believed the appellant would not get a fair trial but were unwilling to sign an affidavit.

Appellant introduced certain newspapers at the venue hearing. One paper carried a front page picture of him with handcuffs on, and other editions of the paper carried news stories which discounted his plea of

not guilty. His attorneys stated that radio and television stations had given undue prominence to the crime.

Appellant was an itinerant salesman living in Lexington and unknown in Perry County. The victim of the armed robbery was a doctor who was prominent in the community. This fact is alleged to have been sufficient to cause bias against appellant. Along the same line it is appellant's contention that the order of the circuit judge that he be sent to an out-of-county jail and be denied bail indicates the hostility of the community toward him. We held the denial of bail to be proper in Nickell v. Kelly, Ky., 357 S.W.2d 856.

When the case was called for trial the circuit court dismissed the entire jury panel when one of them stated in open court she thought the appellant was guilty. New names were drawn from the wheel and a jury was impaneled after 49 prospective jurors were examined. Appellant argues that this number is excessive and tends to show the extent of community bias.

The Commonwealth's Attorney made a statement in his closing argument (no objection was made to the statement) which pointed out that the armed robbery had received publicity not only in local papers but in other papers of greater circulation. It is maintained by the appellant that the statement conclusively emphasizes the fact that news coverage of the events was extraordinary. As another indication of bias on the part of the jury appellant claims that the evidence was insufficient to have convicted him except for the fact that the jury was biased.

At the venue hearing before the circuit judge the Commonwealth countered statements made by appellant's attorneys by the introduction of seven witnesses, each of whom testified that a fair trial could be held in Perry County. Each had read some of the newspaper accounts and some had heard radio accounts of the crime. All testified that the crime was given no more publicity and caused no more excitement than other crimes which had been reported in the community.

■ The trial judge must determine whether a situation exists which will probably prevent the accused from obtaining a fair and impartial trial within the venue from which removal is sought. In the making of such determination the trial judge has wide discretion in granting or refusing change of venue and his discretion is given great weight because he is present in the county and presumed to know the situation. Benge v. Commonwealth, 296 Ky. 82, 176 S.W.2d 131. In Carnes v. Commonwealth, 306 Ky. 55, 206 S.W.2d 44, this Court affirmed the trial court under facts similar in many respects to this case. The accused in his motion for change of venue asserted that the victim was related to most of the prominent families in the county, that accused was a stranger in the county, and that the facts had been widely discussed in the community. At a hearing on the motion the Commonwealth introduced witnesses who testified that a fair trial could be held in the county. This Court held that the burden of proof had not been sustained by the accused and motion for change of venue was denied. It was said:

"* * * The trial court is vested with a sound discretion in determining the question where there is evidence both in support and in resistance of the motion, and this court has uniformly held that it will not interfere with the trial court's decision unless it appears with reasonable certainty that there has been an abuse of discretion."

■ At the hearing on the petition for a change of venue appellant failed to present affidavits sustaining his contention that a fair and unbiased trial could not be had in the county. Witnesses for the Commonwealth testified that a fair trial could be had. The fact that a nonresident defendant received widespread publicity

concerning the crime was not deemed sufficient by the trial judge to warrant a change of venue. Nor is any significance placed on the fact that the appellant was sent to another county jail and refused bail. The trial judge decided there was no probability that a fair and impartial trial could not be had in Perry County. His decision does not indicate an abuse of discretion and will not be disturbed.

The happenings following the hearing on the petition for a change of venue are not indicative of an abuse of discretion on the part of the trial judge in denying a change of venue. The number of jurors exhausted before the jury was filled cannot be said to be excessive. The Commonwealth's Attorney's remark concerned press coverage which was well known to the trial judge at the time of the hearing, and the evidence upon which the jury made its verdict was not so inconclusive as to indicate that the verdict was made as a result of bias on the part of the jury.

The judgment is affirmed.