**A. R. HATTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 13, 1969.

As Modified on Denial of Rehearing
Oct. 10, 1969.

John Y. Brown, Sr., Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

A. R. Hatton was convicted of voluntary manslaughter and sentenced to 21 years in prison. He appeals. Hatton shot and killed Joe Campbell, a Wolfe County High School teacher, in front of a restaurant belonging to Campbell's parents. The incident occurred after a basketball game, when the restaurant was crowded with students. Joe Campbell was helping his mother in the restaurant when several cherry bombs were thrown against the window.

He went outside and ordered Harold Stamper, the man throwing the cherry bombs, to quit. A fist fight ensued.

Appellant, who had been planning to go coon hunting with Stamper, drove up in a pickup truck, jumped out and ran over. The evidence is in conflict from here on. The deceased's mother, father and brother and several students testified that Hatton came up, pulled a gun and shot Campbell. They testified that Campbell had nothing in his hand and did not in any way threaten Hatton. The defendant, who had been a deputy sheriff, and claimed he thought he still was, testified that he came up, attempted to arrest Campbell, and shot only after Campbell pulled a knife. In this he is corroborated only by one of his companions in the truck who thought Campbell had something in his hand. A knife was found some 30 feet away several hours later by a person who did not testify; however, Campbell had fallen immediately on being shot and had not been able to move and it was not explained how the knife, if used by Campbell, could have gotten that far away. The trial court instructed on self-defense, and on the rights of a peace officer in the line of duty.

Appellant raises three alleged errors on this appeal: (1) that a change of venue should not have been granted; (2) that the jury should not have been allowed to separate for lunch; and (3) that certain answers elicited from deceased's father on cross-examination should not have been struck from consideration by the jury.

After one trial had resulted in a mistrial, the Commonwealth's attorney moved for a change of venue. His affidavit states that it would be impossible to obtain a fair and impartial trial in Wolfe County because the deceased and the defendant had widespread family connections in Wolfe County, there had been widespread publicity, and the previous trial had resulted in a mistrial. Appellant objected, but presented no countervailing affidavits, nor did he attempt to prove otherwise.

The trial judge in his order granting the change of venue added additional facts: that the crime occurred on the main street of Campton with many people around, that at the former trial the regular panel and 135 additional jurors were summoned before a jury was finally accepted, and that there had been a great deal of publicity arising from the first trial, all of which appeared of record before him.

The trial judge has wide discretion in granting a change of venue in criminal cases, on motion either of defendant or Commonwealth, in situations where it appears that a fair trial cannot be had. There must be a clear showing of abuse of that discretion before we will disturb the action of the trial court. Yager v. Commonwealth, Ky., 436 S.W.2d 527 (1969); Nickell v. Commonwealth, Ky., 371 S.W.2d 849 (1963); Commonwealth v. Averitt, Ky., 241 S.W.2d 989 (1951). We find no such abuse of discretion here.

■ Appellant was indicted for murder. RCr 9.66 provides that in trials for offenses carrying a life or death penalty the jury shall be allowed to separate only by agreement of the parties and with approval of the court. During the first day of the trial, when the time for lunch had come, the judge was preparing to send the jury to lunch in the care of the sheriff. The Commonwealth's attorney spoke up, in the hearing of the jury, and said that he had no objection to allowing the jury to separate. Defense counsel then also agreed. It is now appellant's contention that this was prejudicial error. In this he relies on Anderson v. Commonwealth, 302 Ky. 275, 194 S.W.2d 530 (1946), in which it was held reversible error for the judge to ask counsel, in the presence of the jury, if they objected to a separation. The reasoning behind this decision is, that if the question is put in the hearing of the jury, counsel has no choice but to agree or to incur the jury's disfavor; and therefore, this takes away the defendant's right to have the jury kept together without any recourse to

object. However, this case falls under a well-recognized exception to the Anderson rule, which was first stated in Joseph v. Commonwealth, 303 Ky. 712, 199 S.W.2d 135 (1947) and which has been followed since. This exception provides that if the defendant does not receive a life or death penalty, then forcing the defense to agree to a separation is not erroneous, because in such cases the decision is solely in the judge's discretion in the first place. Furthermore, appellant could have immediately moved for a mistrial outside the hearing of the jury, but did not do so. Therefore, he waived any error. Blanton v. Commonwealth, Ky., 429 S.W.2d 407 (1968); Vaughn v. Commonwealth, Ky., 255 S.W.2d 613 (1963); Burkhart v. Commonwealth, 312 Ky. 555, 228 S.W.2d 451 (1950). In the Anderson case no objection was made, however, the defendant received a death sentence, and the court ignored procedural errors and treated error as preserved, though the usual procedural rules had not been complied with.

■ The final ground alleged as error is that defense counsel's questioning of deceased's father about an incident several years earlier, when appellant participated in a raid on his place of business for bootlegging, was excluded and no further questioning on that point was allowed. Appellant claims that this testimony was admissible for two reasons: to show that the witness was hostile, and to show that defendant was a deputy sheriff. On the hostility question, this evidence was hardly needed. Appellant had shot the witness's son; it would be readily apparent to all concerned that the witness was hostile to appellant. In addition, certain other portions of the testimony, the admission of which appellant objects to in his argument though not in his statement of points, clearly show the witness' hostility. On his status as a deputy sheriff, he introduced the sheriff to testify to that, and he hardly needed the testimony of an arrest of deceased's father many years earlier on that point.

The trial court certainly did not abuse his discretion in excluding this testimony. Holt v. Commonwealth, Ky., 259 S.W.2d 463 (1953).

Judgment affirmed.

All concur.