**Cecil K. NICKELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 13, 1970.

M. B. Fields, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Cecil K. Nickell is presently serving a life sentence for armed robbery. He was convicted in the Perry Circuit Court on October 3, 1962. He appealed. We affirmed. Nickell v. Commonwealth, Ky., 371 S.W.2d 849.

On February 19, 1969, Nickell filed a motion to vacate his sentence under RCr 11.42. Counsel was appointed to represent him. At the first hearing, the trial court overruled the motion. Later, the court withdrew the order and permitted his attorney to amend the motion. A second hearing was held. This amended motion was also overruled; hence this appeal. We affirm.

Appellant insists that we should reverse the trial court and open the doors of the bastille. In order that we might pry open all formidable barriers to his freedom, he submits the following: (1) He was not warned of his constitutional rights; (2) he did not have counsel at a preliminary hearing; (3) he was not properly identified; (4) he was denied a fair and impartial trial because of adverse publicity; and (5) he was wrongfully denied a change of venue.

■ Appellant was arrested and tried in 1962. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, are not applicable in the instant case because Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, held that Escobedo and Miranda should not be applied retroactively.

■ The assertion that the conviction should be vacated because of failure to appoint counsel at the preliminary hearing has no merit. There is no claim that anything which occurred at the preliminary hearing was used against the appellant at his trial on the merits. Howard v. Commonwealth, Ky., 446 S.W.2d 293.

■ Appellant questions the sufficiency of the evidence presented against him. This issue cannot be raised in a post-conviction proceeding. Harris v. Commonwealth, Ky., 441 S.W.2d 143.

■ The claims that appellant was denied a fair and impartial trial because of adverse publicity and that he should have been granted a change of venue were ruled on in the direct appeal. Nickell v. Commonwealth, Ky., 371 S.W.2d 849.

Nickell asserts that the failure of the trial court to have him personally before the court when his motions to vacate were ruled on constitutes error, he not having been afforded his desired ambition of a vacation and a trip to the sentencing court. The trial court ruled, and we agree, that his presence was not necessary.

In Odewahn v. Ropke, Ky., 385 S.W.2d 163, we said:

"* * * It is not every filing of an RCr 11.42 motion which will entitle the movant to appear in person in the court. Only upon those cases wherein it is determined that counsel should be appointed and a hearing granted will it be necessary, usually, for the movant to be in court by his own proper person. * * *"

The holding in Odewahn was that the petitioner was not entitled to an order permitting him to be present at his RCr 11.42 hearing because, among other reasons, no ground for providing counsel and affording a hearing was shown on the face of the motion.

In Hall v. Commonwealth, Ky., 429 S.W.2d 359, this court held that the petitioner was entitled to be present at a hearing on his claims that his appointed counsel had refused to prepare a defense for him and had coerced him into entering a plea of guilty because "the investigation of the allegations without the personal presence of the prisoner cannot be appropriately accomplished."

RCr 11.42 is comparable to the post-conviction remedy provided by 28 U.S.C., Section 2255. The criteria in determining whether the accused is entitled to be present at a hearing under the federal statute are discussed in 24 C.J.S. Criminal Law § 1606(32) b, page 841:

"Where there are substantial issues of fact as to the events in which the prison-

er participated, or issues of fact relating to his own knowledge, the trial court should require his production for the hearing; * * *."

 The facts alleged by Nickell were not sufficient to support his motion to vacate his conviction for armed robbery. Thus, an evidentiary hearing with Nickell present was not necessary. Brooks v. Commonwealth, Ky., 447 S.W.2d 614.

The judgment is affirmed.

All concur.